METROPOLITAN LIFE INSURANCE COMPANY, Appellant, *v.*
ADOLF O. BLUM et al., Respondents.

First Department, April 14, 1959.

*David R. Crow* of counsel (*Tanner, Friend, Kinnan & Post,* attorneys), for appellant.

*Philip Weiss* for Adolf O. Blum, respondent.

*Stanley F. Clark* for Charlotte H. Blum, respondent.

McNALLY, J. In this action for rescission, plaintiff appeals from a judgment entered against it in favor of defendants dismissing the complaint after a nonjury trial.

Prior to March, 1955 defendant Adolf O. Blum was the named insured in respect of a term insurance policy issued by the plaintiff. On March 14, 1955 this term policy was converted to a $10,000 whole life policy with a total permanent disability provision added thereto. Thereafter, and on March

24, 1955, plaintiff issued to Mr. Blum an additional $5,000 whole life policy which also included a disability provision. In connection with the issuance of the $5,000 policy and the disability provision of the $10,000 policy, Mr. Blum completed applications which included questions as to medical history. No application was needed for the $10,000 policy itself since Mr. Blum had a right to convert the same under the former term policy. The conversion privilege, however, did not extend to the disability provision.

In September, 1955 Mr. Blum claimed disability resulting from bodily disease and in the investigation of the claim plaintiff discovered that Mr. Blum had been treated for hypertension and a heart condition prior to March, 1955 when the policies were issued. As a result plaintiff tendered a return of the premiums paid and interest thereon. Upon Mr. Blum's refusal to accept the tender, plaintiff commenced this action to rescind the $5,000 policy in its entirety and the disability provision of the $10,000 policy. Thereafter, and while this action was pending, Mr. Blum received premium notices on the two policies. He then delivered checks in payment thereof and received receipts therefor from the plaintiff. Mr. Blum's check for the premium on the $5,000 policy is dated March 22, 1957, and was received by plaintiff on March 29, 1957. On April 7, 1957 plaintiff's agent visited Mr. Blum and offered to return the premium paid on the $5,000 policy, which offer was refused.

The semi-annual premium provided for in the $10,000 policy is $199.60. The premium notice for the period commencing March 14, 1957 specified $194.88, which appears to be the premium thereon after excluding the premium attributable to the disability provision. Plaintiff did not tender the return of the said premium because it does not seek rescission of the life insurance feature of said policy.

Mr. Blum's applications for the two policies issued in 1955 represented that he had not been previously treated concerning any illness, disease, disorder, impairment or injury; that he had not consulted any physician for any other reasons. His application for the $10,000 policy represented that an electrocardiogram or X ray purported to be negative. The record establishes Mr. Blum was examined by Dr. Quigley on April 5, 1952 and April 25, 1952, and that the electrocardiogram then taken indicated left ventricular strain; on June 10, 1953 he was examined by Dr. Salomon and the examination disclosed systolic blood pressure of 180, diastolic blood pressure of 110 and slight enlargement of the heart, which was confirmed by an

examination of Mr. Blum made by Dr. Howard on June 23, 1953, which disclosed hypertensive vascular disease of the retina. Dr. Salomon informed the insured of his condition and prescribed hypotensive drugs which serve to inhibit blood pressure. A person so treated upon medical examination may present a normal blood pressure and yet have a hypertensive vascular condition.

It is clear that the plaintiff contested the $5,000 policy as well as the provision for total and permanent disability benefits of the $10,000 policy prior to the expiration of two years from the dates of issue thereof. (Insurance Law, § 155, subd. 1, par. [b].) The defendants, however, rely upon waiver and estoppel. Reliance thereon is necessarily limited to the $5,000, for it appears that no premium was received on the disability provision of the $10,000 after the commencement of this action. On this record defendants have failed to establish that plaintiff intentionally relinquished the right to contest and rescind the policies here involved. (*Werking* v. *Amity Estates,* 2 N Y 2d 43, 52.)

Negligence or oversight is not enough to establish waiver. (*Alsens Amer. Portland Cement Works* v. *Degnon Contr. Co.,* 222 N. Y. 34, 37.) The intention to waive is an indispensable constituent of waiver. (*Gutman* v. *United States Cas. Co.,* 241 App. Div. 752, 753.) '' The only fair inference to be drawn from the evidence is that an organization whose branches were widely scattered and which at the time was engaged in contesting this policy repudiated the proffered benefit within a reasonable time after its responsible executive officers were enabled to know that it held defendant's money in its possession.'' (*Travelers Ins. Co.* v. *Pomerantz,* 246 N. Y. 63, 71.) The temporary retention of the premium on the $5,000 policy does not afford a basis for estoppel. (*Travelers Ins. Co.* v. *Pomerantz, supra.*)

The record demonstrates misrepresentations affecting both policies. Plaintiff was not required to verify medical records which the insured represented were negative as to the diseases and infirmities it inquired about. (*Cherkes* v. *Postal Life Ins. Co.,* 285 App. Div. 514, affd. 309 N. Y. 964.) Plaintiff's assistant medical director testified his duties included the review of applications for life insurance and recommending their acceptance or rejection. His testimony is that in the light of the medical history of Mr. Blum, disclosed by the evidence, he would have recommended the rejection of his applications for the policies here involved. The issues litigated related to the

492

nature and extent of the abnormal physical condition, if any, and the knowledge thereof on the part of the insured. It does not appear that defendants contested, either on the trial or on this appeal, the proposition that plaintiff would have rejected the applications for insurance had it been informed of the insured's hypertensive vascular and heart conditions. If vital organs were not affected, the conditions not so pervasive, and there were a substantial question as to materiality, we would be disposed to direct a new trial in the interest of justice. (See *Lindenbaum* v. *Equitable Life Assur. Soc. of U. S.*, 5 A D 2d 651.) The record here, however, clearly and conclusively establishes materiality of the facts withheld and misrepresented. Although the defendants disputed the insured's knowledge of his said physical condition, they did not dispute its materiality, if present and known to the insured. Under such circumstances, a new trial is not indicated, especially since the issue was not raised on the trial or on the appeal. (See *Cherkes* v. *Postal Life Ins. Co.*, *supra*; *Tolar* v. *Metropolitan Life Ins. Co.*, 297 N. Y. 441; *Kaplan* v. *Equitable Life Assur. Soc. of U. S.*, 254 App. Div. 236.)

The judgment should be reversed, on the law and on the facts, and judgment directed in favor of the plaintiff for the relief demanded in the complaint, with costs.

BREITEL, J. P., RABIN, M. M. FRANK and VALENTE, JJ., concur.

Judgment unanimously reversed, on the law and on the facts, and judgment directed in favor of the plaintiff for the relief demanded in the complaint, with costs to the appellant.

Settle order on notice.