Guy A. Graves, J.
The defendant has moved for summary judgment declaring that a life insurance policy forming the basis of plaintiffs complaint be declared null and void by reason of misrepresentation in the application by the deceased insured.
The facts are undisputed. The insured deceased, William L. Moore, was issued a policy of life insurance for $25,000 on November 22, 1972. The life insurance application contained the following questions and answer: "Within the last 3 years have you or any proposed insured family member been disabled or suffered from any disease or received medical or surgical treatment or advice for any condition * * * or is there any kind of medication which any of you have taken *600 within the last 12 months?” The applicant answered the question in the negative. The application was dated October 31, 1972. He died on February 21, 1974, the cause of death being the result of "sickle cell crisis”. It affirmatively appears that the deceased was admitted to the Ellis Hospital in Schenectady, New York, on August 17, 1972 and was discharged on August 30, 1972 for sickle cell anemia crisis. This admission and treatment at the Ellis Hospital occurred within three months of the date of William L. Moore’s application for insurance wherein he indicated he had not been hospitalized nor had any medical treatment, within the past three years or any medication within the last 12 months prior to October 31, 1972, the date of the signed application.
The medical records submitted on this motion further show that the deceased was a 33-year-old Black male and that on February 19, 1974 he was admitted to the Alexandria Hospital, Alexandria, Virginia, for sickle cell crisis and sickle cell anemia and that he had previously been admitted to the same hospital for the same condition on December 30, 1973. His cause of death was diagnosed as sickle cell crisis. He expired at said hospital on February 21, 1974. All of the above facts are undisputed.
It is the position of the plaintiff that the answer to the question was not a material misrepresentation and that the materiality of the representation is a question of fact for the jury.
What constitutes a material representation may, under proper circumstances, be a question of fact for a jury, but where a condition or disease is of such serious nature that it materially affects the risk, and the insurance company would not have issued the policy had it known the facts, the representation is material as a matter of law.
The medical affidavits of the respective parties are in agreement that sickle cell anemia shortens the life span of those afflicted with it. Sickle cell anemia is caused by a chemical abnormality of hemoglobin in the red blood cells which is inherited from both parents. This defect afflicts primarily people of the Black race. Sickle cell trait is where one parent alone has passed this disorder on to its offspring. The defect usually makes its appearance during the first year of life of the child and since 1970, when the ailment came into focus in the medical profession and proper care and attention was given to the patient, it has been predicted that life of the *601 afflicted person will be extended into the forties. Many die in their twenties and thirties or earlier. Homozygous sickle cell disorder results in jaundice in almost 100% of the cases and can also cause gallstones, increase in the production of red cells in the bone marrow, thrombosis, abdominal pain, leg ulcers and kidney problems. It is found in individuals to vary from mild to severe. Mr. Moore was of the intermediate type. In his particular case, his red cells were continually being regenerated six to eight times the normal rate. Sickle cells are always present, even when the person is asymptomatic. There is no cure for this disease. The medical field is in total agreement that sickle cell anemia is definitely a serious, life-shortening disease.
The insured here failed to properly answer the question relating to prior disability and medical treatment concerning his hospitalization for a sickle cell crisis which occurred some two months prior to the date of the insurance application. Subdivisions 1 and 2 of section 149 of the Insurance Law provide as follows:
"1. A representation is a statement as to past or present fact, made to the insurer by or by the authority of the applicant for insurance or the prospective insured, at or before the making of the insurance contract as an inducement to the making thereof. A misrepresentation is a false representation, and the facts misrepresented are those facts which make the representation false.
"2. No misrepresentation shall avoid any contract of insurance or defeat recovery thereunder unless such misrepresentation was material. No misrepresentation shall be deemed material unless knowledge by the insurer of the facts misrepresented would have led to a refusal by the insurer to make such contract.”
Whether this misrepresentation was knowingly made by the insured is immaterial. It constituted a statement of fact which was false.
The defendant insurance company has submitted its underwriting manual showing that sickle cell anemia has a mortality life rating of RNA (risk not acceptable) for a proposed insured under age 40. The defendant states that it is not permitted to accept and never has accepted risks with a mortality life rating of RNA and that the defendant would have refused to issue a policy in the case of Mr. Moore. The defendant further states in every instance where an applicant *602 disclosed such a condition that the defendant has declined the risk and refused to issue a contract of life insurance and that it never issued a policy at a higher premium to offset a higher risk because of poor health.
In this instance, the plaintiff insured’s condition and prior immediate hospitalization for sickle cell anemia crisis is not only admitted but affirmatively established by the record.
The undisputed proof in the record establishes the practice by the insurer to refuse to accept as a standard risk an applicant with sickle cell anemia and consequently because of the misrepresentation of a material matter affecting the risk, it has an absolute right to rescind the policy. (Home Life Ins. Co. v Kupfer, 281 App Div 685; Metropolitan Life Ins. Co. v Blum, 7 AD2d 488.)
The defendant’s motion for summary judgment declaring the policy null and void is accordingly granted.