PER CURIAM.
Appellee, Federal Kemper Life Assurance Company (Federal), sued appellant, Martin A. Gurrentz (Gurrentz), for declaratory relief to rescind three life insurance policies issued to Gurrentz. From a judgment declaring the policies subject to rescission based on material misrepresentation Gurrentz has perfected this appeal.
In a nutshell, the facts are that Gurrentz applied for life insurance from Federal through an insurance agent named Alfrey. In September 1982, Gurrentz filled out an *242 application, but paid no premium. Between the submission of the application and the delivery of the first two policies Gurrentz sought medical advice from a physician relative to an ear problem. A biopsy was done and he was advised that he had a throat malignancy for which he subsequently received radiation treatments. Upon delivery of the first two policies, Gur-rentz signed a statement that there had been no changes in his health status nor had he seen a doctor since filing the application for insurance. However, Gurrentz testified he told Agent Alfrey about the throat episode and was told it did not matter because he was already covered.
Agent Alfrey denied that Gurrentz had ever told him about the throat problem and stated he would never have accepted the premium had he done so. Furthermore, Alfrey testified that he first learned of the Gurrentz throat problem in March or April of 1983 in conjunction with correspondence regarding a claim Gurrentz made under a medical health policy Alfrey had written for Gurrentz. Since he did not “tie up” or relate the condition involved in the claim on the medical health policy with the life insurance policies, he did not notify Federal of this fact. Nevertheless, in August or September 1983 Federal learned that Gur-rentz had a medical problem that might affect the life insurance policies. Thus, an investigation was undertaken by Federal which ended in February 1984 when Federal notified Gurrentz it was rescinding the life insurance policies and refunding all premiums paid. Between the time it learned of the problem in September and its notification to Gurrentz that the policies were rescinded Federal received two premium payments.
The trial court entered final judgment in favor of Federal, finding the insured had made material misrepresentations that avoided the policies. Because we were unable to determine exactly what factual findings the trial court made in the judgment, we relinquished jurisdiction to the trial court for further consideration and findings of fact and conclusions of law. In his supplemental findings and conclusion, the trial court again concluded the evidence supported a rescission of the policies based on the appellant’s material misrepresentations. He concluded that Gurrentz’s waiver defense was not sufficient to defeat the insurer’s rights arising out of the insured’s misrepresentations.
After careful consideration of the appellant’s arguments we conclude that no reversible error has been demonstrated and, thus, the judgment appealed from is affirmed.
DOWNEY, ANSTEAD and GUNTHER, JJ., concur.