627 So.2d 535 (1993)
Elio PINO, Appellant,
v.
UNION BANKERS INSURANCE CO., Appellee.
No. 91-2200.
District Court of Appeal of Florida, Third District.
November 9, 1993.
Rehearing Denied January 6, 1994.
*536 Marc L. Goldman, Miami, Carlos Lidsky, Hialeah, for appellant.
David L. Kahn and David Wilkes, Ft. Lauderdale, for appellee.
Before NESBITT, FERGUSON and COPE, JJ.
COPE, Judge.
Elio Pino appeals an adverse summary judgment finding that he has no medical insurance coverage. We reverse.
In 1987 the insured obtained a health insurance policy from the appellee insurer, Union Bankers Insurance Co. After the policy had been in force for a year and a half, the insured incurred medical bills and made a claim for reimbursement.
In response, the insurance company wrote a letter unilaterally rescinding the insurance policy. The letter contended that material facts had been omitted from the policy application. The insurance company announced that it was rescinding the policy and considered that the insurance was never in effect. The insurer also stated that it was refunding the premium to the insured. The letter enclosed a refund check.
The insured deposited the refund check. The refund check was less than the amount of the pending insurance claim. The insured obtained counsel and brought suit for his unpaid benefits.
The insurance company pled the affirmative defense of accord and satisfaction. The insurer contended that by depositing the refund check, the insured had entered into an agreement with the insurance company to rescind the insurance contract.[1] The trial court granted summary judgment on the basis of accord and satisfaction, and the insured has appealed.
Here, the parties had entered into a contract of insurance which  after being in force for a year and a half  the insurance company desired to rescind. There are two entirely different ways that rescission can be accomplished:
(1) Mutual agreement of rescission. Under this alternative, the parties enter into an agreement to rescind their existing contract. See John D. Calamari & Joseph M. Perillo, Contracts § 21-2 (2d. ed. 1977); Restatement (Second) of Contracts § 283 & comment a (1981); 17 George J. Couch, Couch on Insurance 2d § 67:194, et seq. (Rev. ed. 1983). There must be an offer, acceptance, and consideration for there to be a mutual agreement of rescission. 17 Couch, supra, §§ 67:207, 67:208. "If all such rights have been discharged there has been both `rescission' and `accord and satisfaction.'" 5A Arthur L. Corbin, Corbin on Contracts § 1236, at 533-34 (1964).
(2) Rescission by one party as a matter of right for fraud or misrepresentation. Where a party is induced to enter into a contract by fraudulent misrepresentations, the defrauded party may elect to rescind, or avoid, the contract. See Continental Assurance Co. v. Carroll, 485 So.2d 406, 407-09 (Fla. 1986) (insurance contract); Restatement (Second) of Contracts § 7 & illus. 2 (1981). Under this alternative, the defrauded party has the right to rescind; no consent by the opposing party is needed. "A voidable contract is one where one or more parties have the power, by a manifestation of election to do so, to avoid the legal relations created by the contract... ." Restatement (Second) of Contracts § 7. "Typical instances of voidable contracts are those where one party was an infant, or where the contract was induced by fraud, mistake, or duress... ." Id. comment *537 b. See generally § 627.409, Fla. Stat. (1991) (representations in insurance applications).
With the foregoing principles in mind, it is necessary to examine the letter the insurance company sent to the insured. The letter states:
 February 23, 1989
 ... .
 Dear Mr. Pino:
While servicing your claim, we learned that the medical facts on the application for this policy were not complete. If we had known the complete health history, we couldn't have issued this insurance.
We must place you and ourselves back where we were when you applied for the policy and consider that the insurance was never in effect. (We are refunding the premiums you've paid us.)
 Sincerely,
 /S/ G. Hastings
 Claims Dept.
The insurance company letter constitutes a unilateral election by the insurance company to rescind the contract. The letter does not propose that the insured and the insurance company enter into a mutual agreement of rescission; instead the letter simply announces, as an accomplished fact, that the insurance company has rescinded the contract and disclaims any further responsibility. With the letter the insurance company transmitted the return of premiums  which, as a matter of law, the insurance company was required to do. See 3A John A. Appleman & Jean Appleman, Insurance Law and Practice § 1832, at 148 (1941) ("If it fails to give prompt notice of its election to rescind and to tender a return of premiums, it loses its rights in that regard.").
It is equally well settled "that a mere expression of repudiation by one party to a contract is not an offer of a [bilateral] rescission. Acquiescence in such a repudiation by the other party is not an acceptance of an offer of rescission and does not prevent the repudiation from being a breach of contract creating the usual remedial rights." 5A Arthur L. Corbin, Corbin on Contracts § 1236, at 543-44 (1964).
Professor Corbin illustrates as follows:
Thus, suppose that A, who is under a contract for the construction of a building for B, should tell B that he is not going to perform the contract. B replies: "Very well, I shall at once get another builder." This conversation is not operative as a rescission of the contract. B's duty to A is indeed discharged by A's repudiation; but the repudiation is a breach of contract, for which B can maintain an action for damages.
Id.; see also Restatement of Contracts (Second) § 283 & comment a; § 7 & comment b.
Here, the insurance company repudiated its contractual obligations and sent back the premium. Whether or not the insured cashed the check made no difference; the insurer had declared the contract at an end. This relieved the insured of any obligation to tender further performance. The insured had a pending claim which the insurer had refused to pay, and which exceeded the amount of the premium returned. The insured was entitled to treat the insurance check as a partial payment of the claim and sue for the balance. See Republic Funding Corp. v. Juarez, 563 So.2d 145, 147 (Fla. 5th DCA 1990) ("In the absence of a dispute and a finding or admission that the parties intended to, and did, reach an accord and agreed to resolve that dispute by payment of an agreed amount, a partial payment of a legal obligation does not act to satisfy and discharge that obligation."); cf. 3 John A. Appleman & Jean Appleman, Insurance Law and Practice § 1691 (1941) (no consideration where insurer tenders smaller amount when larger amount is clearly owed; insured may retain partial payment and sue for difference); 3A id. § 1832 (Supp. 1992) ("The fact that an uninformed and unsophisticated insured cashes a premium refund check sent to him by an insurer which intends by sending the check to divest itself of the responsibility under the policy does not establish rescission solely because the insured cashes the check.") (citation omitted).
The summary judgment in this case rests on the mistaken assumption that there was a *538 bilateral negotiation between these parties, leading to an accord and satisfaction. Plainly that is not so, for the letter sent by the insurance company makes a unilateral announcement.
The insurance company relies on McGehee v. Mata, 330 So.2d 248 (Fla. 3d DCA 1976). In that case there was a negotiated agreement conducted by counsel for the respective parties. The written offer sent by one side was acted on by the other, which was held to produce a binding agreement. Here, there was no offer, no acceptance, and for that matter, no apparent consideration.
It may be that at trial the insurance company will be able to demonstrate that it has good grounds for a judicial rescission of this insurance policy. However, unilateral announcement of rescission accompanied by a tender of the premiums to the insured does not evolve into an accord and satisfaction when the hapless insured deposits the check.
The summary judgment is reversed and the cause remanded for further proceedings consistent herewith.
Reversed and remanded.
NOTES
[1] The insurer also counterclaimed for a judicial rescission of the insurance contract, based on alleged material omissions from the insurance application.