■ CHESTER A. SIELSKI, D.D.S., P. C., Appellant, v COMMERCIAL INSURANCE COMPANY OF NEWARK, NEW JERSEY, Respondent. [605 NYS2d 599] —Order unanimously affirmed without costs. Memorandum: In this action to enforce two disability insurance policies, Supreme Court properly denied the motion of plaintiff, the insured, for partial summary judgment dismissing the insurer's defenses and counterclaims seeking to rescind the policies on the ground of misrepresentation. There is a question of fact concerning plaintiff's assertion that defendant either waived or is estopped from asserting its right

to rescind the policy as a result of its acceptance of premiums after learning of the alleged grounds for rescission *(see, Amrep Corp. v American Home Assur. Co.,* 81 AD2d 325, 329). In determining at trial whether defendant's acceptance of the premium gives rise to a waiver or estoppel, the trial court should consider the following factors: whether the insured was billed by the insurer or merely its general agent; whether the insurer had served notice of its election to rescind the policy at the time it accepted the premium; whether the insurer's receipt of the premium was inadvertent or intentional; whether retention of the premium was permanent or temporary; and whether the premium was returned within a reasonable time after the payment came to the attention of responsible officials of the insurer *(see, Traveler's Ins. Co. v Pomerantz,* 246 NY 63, 70-71; *Johnson v Mutual Benefit Health & Acc. Assn.,* 5 AD2d 101, 106-107 [Halpern, J., dissenting in part], *mod on other grounds* 5 NY2d 1031; *Metropolitan Life Ins. Co. v Blum,* 7 AD2d 488, 491, *affd* 9 NY2d 954). (Appeal from Order of Supreme Court, Erie County, Glownia, J.—Partial Summary Judgment.) Present—Denman, P. J., Callahan, Lawton and Davis, JJ.