675 So.2d 176 (1996)
Carlo LEONARDO, Appellant,
v.
STATE FARM FIRE AND CASUALTY CO., Appellee.
No. 94-1231.
District Court of Appeal of Florida, Fourth District.
May 15, 1996.
Rehearing, Rehearing, Clarification and Certification Denied June 24, 1996.
*177 John G. George of John G. George, P.A., Fort Lauderdale, for appellant.
Gary M. Farmer, Jr. and D. David Keller of Bunnell, Woulfe & Keller, P.A., Fort Lauderdale, for appellee.
Rehearing, Rehearing En Banc, Clarification and Certification Denied June 24, 1996.
STONE, Judge.
We reverse an order of final summary judgment, as material facts remain in dispute. Moore v. Morris, 475 So.2d 666 (Fla. 1985).
On November 20, 1985, Carlo Leonardo, Appellant, applied for a homeowner's insurance policy with State Farm Fire & Casualty Co., Appellee. On November 26, 1985, Leonardo applied for supplemental coverage for his jewelry. On both application forms, the following question appeared: "Has applicant had any losses, insured or not, in the past three years?" This question was followed by two columns titled "YES" and "NO" with spaces beneath each for the applicant to mark his answer. On both Leonardo's application forms, an "X" was placed under the "NO" column.
In November 1989, Leonardo filed a claim for a theft loss under the policy issued pursuant to the above applications. State Farm denied this claim on grounds that Leonardo had misrepresented his prior loss history. The policy contained a provision stating:

Concealment or Fraud. This policy is void as to you and any other insured if you or any other insured under this policy has intentionally concealed or misrepresented any material fact or circumstances related to this insurance, whether before or after the loss.
However, subsequent to denial of the claim, State Farm did not remit, or even make a tender of, any premiums paid by Leonardo for the allegedly void policy. Additionally, it continued to bill and collect premiums for insurance coverage under the policy. This course of conduct apparently went on for over nine months until Leonardo stopped paying and the policy lapsed.
Leonardo thereafter filed suit against State Farm for breach of contract. Although in answering interrogatories Leonardo admitted the existence of losses in the three years prior to applying for the insurance, he asserted that the application forms were blank, except for his name and address, at the time he signed them. Leonardo asserts that the questions about prior losses were *178 completed by State Farm's selling agent without his knowledge.
State Farm moved for summary judgment, arguing that, under this court's holding in Singer v. Nationwide Mut. Fire Ins. Co., 512 So.2d 1125 (Fla. 4th DCA 1987), there are no issues of material fact because misrepresentations such as the ones made by Leonardo were considered to be material as a matter of law. State Farm filed an affidavit of its selling agent in support of its motion in which she claimed that all information in the applications was provided by Leonardo. Leonardo opposed the motion, arguing that a disputed issue of material fact remained as to whether the applications were blank when he signed them. Leonardo also asserted that State Farm had waived its rights to deny coverage because it continued to bill him and accept premium payments. The trial court granted State Farm's motion and dismissed Leonardo's complaint.
It is clear from the record that the parties dispute whether Leonardo misrepresented his prior loss history. The issue, therefore, is not whether there is a dispute, but whether this disputed fact is legally material, precluding summary judgment. Some courts have concluded that failure to answer a question on an application for an insurance policy constitutes a knowing omission as a matter of law. See Old Southern Life Ins. Co. v. Kirby, 522 So.2d 424 (Fla. 5th DCA 1988); Bourne v. Balboa Ins. Co. et al., 144 Ga.App. 55, 240 S.E.2d 261 (1977). Others have concluded that an insurer who accepts an application which is not fully completed accepts that application at its risk. Independent Fire Ins. Co. v. Horn, 343 So.2d 862 (Fla. 1st DCA 1976). We conclude that the more reasoned course to follow under the facts of the instant case is that presented by Horn. Accordingly, whether the applications were blank when signed is material to resolving whether State Farm accepted the risk of providing insurance despite Leonardo's purported failure to provide information about his loss history. See, e.g., Sauls v. Charlotte Liberty Mut. Ins. Co., 62 N.C.App. 533, 303 S.E.2d 358 (1983) (question of who filled out the blanks on an insurance application was an issue to be resolved by the trier of fact and therefore blanks left on application were not misrepresentations).
Of even greater significance to this appeal is whether State Farm waived its right to void Leonardo's policy by continuing to bill him and accept payment of premiums for a considerable period of time after denying his claim, and after notifying him of its intent to void the policy. The elements of waiver are: (1) the existence at the time of the waiver of a right, privilege, advantage, or benefit which may be waived; (2) the actual or constructive knowledge of the right; and (3) the intention to relinquish the right. Capital Bank v. Needle, 596 So.2d 1134 (Fla. 4th DCA 1992); Taylor v. Kenco Chemical & Mfg. Corp., 465 So.2d 581 (Fla. 1st DCA 1985). Although it appears from the record that the first two elements have been satisfied, we believe that a disputed material issue of fact exists as to whether State Farm intended, through its continued billing and acceptance of premiums, to waive its rescission of Leonardo's policy. Sielski v. Commercial Ins. Co. of Newark, 199 A.D.2d 974, 605 N.Y.S.2d 599 (1993)[1]; Metropolitan Life Ins. Co. v. Blum, 7 A.D.2d 488, 184 N.Y.S.2d 455 (1959), aff'd., 9 N.Y.2d 954, 217 N.Y.S.2d 225, 176 N.E.2d 202 (1961). See also Couch on Insurance § 31:114 (3d ed. 1995). We recognize that other jurisdictions have found waiver as a matter of law in situations such as the instant case. See, e.g., Dairyland Ins. Co. v. Kammerer, 213 Neb. 108, 327 N.W.2d 618 (1982); Prudential Ins. Co. of America v. Bidwell, 103 Ind.App. 386, 8 N.E.2d 123 (Ind. App.1937); Continental Ins. Co. v. Chew, 11 Ind.App. 330, 38 N.E. 417 (1894). Nevertheless, we conclude that this issue should be *179 resolved, on a case-by-case basis, by the trier of fact.
We note in closing that we have considered, but deem inapposite, Johnson v. Life Ins. Co. of Georgia, 52 So.2d 813 (Fla.1951), and its progeny, as in those cases the insurer performed an "unequivocal act which recognized the continued existence of the policy." Id. at 815. In the instant case, State Farm's actions were clearly equivocal in that it both sent notice of its intent to void Leonardo's policy and continued to bill and accept premiums.
DELL, J., concurs.
GROSS, J., concurs specially with opinion.
GROSS, Judge, concurring.
I concur in the result reached by the majority's treatment of the waiver issue. However, a waiver in this context need not be based upon a deliberate decision to forego a right to void a policy, as is suggested by the majority. Also, I find an additional reason which makes summary judgment for the insurer inappropriateit does not appear from the record that the insurer returned or tendered the premiums paid to the insured, a condition precedent to the right of rescission.
Johnson v. Life Ins. Co. of Georgia, 52 So.2d 813 (Fla.1951), applied the law of waiver to analyze situations where an insurer accepts premiums after acquiring actual or constructive knowledge of facts which would justify voiding a policy. Johnson found waiver as a matter of law where an insurance agent continued to collect premiums on a life insurance policy after being put on notice of the insured's tuberculosis two months after the policy issued. What distinguishes this case from Johnson and creates an issue of fact is that premiums here were not accepted by the same person who knew of appellant's prior loss history.
Use of the term "waiver" is unfortunate, because it can obscure the real issue in cases like this one. The traditional formulation of waiver, as the majority has noted, involves the intentional relinquishment of a known right. When used in the legal vernacular, "intentional" suggests deliberation, a conscious decision to do something. Johnson does not use the term "waiver" strictly in this sense; rather the term is used to describe what happens when an insurer takes steps wholly inconsistent with rescission of a policy. From these actions, an intent to waive is inferred. The legal basis of the Johnson waiver was not a calculated decision to forego rights.
[I]t is equally well settled in insurance law that, when an insurer has knowledge of the existence of facts justifying a forfeiture of the policy, any unequivocal act which recognizes the continued existence of the policy or which is wholly inconsistent with a forfeiture, will constitute a waiver thereof.
52 So.2d at 815. The real issue in a case like this one is an insurer's right to rescind a voidable policy. An insurer can lose the right under Johnson by conduct "unequivocally" or "wholly" inconsistent with the continued existence of the policy. An insurer may also lose the right by failing to take those acts necessary to effectuate rescission. Section 627.409, Florida Statutes (1995), speaks to the types of misrepresentations, concealments of fact, omissions or incorrect statements in an insurance application which may prevent recovery under the contract. The statute does not create a right, but places limits on contractual and equitable remedies. Construing section 627.409, the Supreme Court has noted that material misstatements in an insurance application subject the insurance contract "to being voided," similar to an "equitable ground for recission [sic]." Continental Assur. Co. v. Carroll, 485 So.2d 406, 409 (Fla.1986); see Vega v. Independent Fire Ins. Co., 651 So.2d 743, 744 (Fla. 5th DCA 1995). Where an insurer seeks to rescind a voidable policy, it must both give notice of rescission and return or tender all premiums paid within a reasonable time after discovery of the grounds for avoiding the policy. Lee R. Russ, Couch on Insurance §§ 32:63, 32:71 (3d ed. 1995); 3A John Alan Appleman & Jean Appleman, Insurance Law and Practice § 1832 (1941); see Pino v. Union Bankers Ins. Co., 627 So.2d 535, 536-37 (Fla. 3d DCA 1993); Borden v. Paul Revere Life Ins. Co., 935 F.2d 370, 379 (1st Cir.1991). An additional fact issue in this case which precludes summary judgment *180 is the failure of the insurer to return or tender premiums paid by appellant. In a case such as this, an insurer may not simply deny a claim based on omissions in an application. Since the mechanism for the denial is that the grounds for rescission exist, an insurer must take the steps necessary to exercise that remedy.
NOTES
[1] The Sielski court recognized the following factors which should be considered in determining at trial whether the insurer's continued acceptance of premiums gives rise to a waiver: whether the insured was billed by the insurer or merely its general agent; whether the insurer had served notice of its election to rescind the policy at the time it accepted the premium; whether the insurer's receipt of the premium was inadvertent or intentional; whether retention of the premium was permanent or temporary; and whether the premium was returned within a reasonable time after the payment came to the attention of responsible officials of the insurer.