814 So.2d 1119 (2002)
BANKERS INSURANCE COMPANY, a corporation, Appellant,
v.
GENERAL NO-FAULT INSURANCE, INC., d/b/a State No-Fault Insurance Agency; Maritza Rojas; Adriano Rojas; and United Premium Budget Plan, Inc., a dissolved corporation, Appellees.
Nos. 4D01-1722 to 4D01-1725.
District Court of Appeal of Florida, Fourth District.
April 3, 2002.
Rehearing Denied May 15, 2002.
Patrick B. Flanagan of Flanagan, Maniotis & Berger, P.A., West Palm Beach, for appellant.
Philip M. Burlington of Caruso, Burlington, Bohn & Compiani, P.A., and Jeffrey M. Liggio and Jene Williams of Liggio, Benrubi & Williams, P.A., West Palm Beach, for appellees Maritza Rojas and Adriano Rojas.
*1120 Louis F. Robinson III of Law Offices of Louis Robinson, P.A., Palm Beach Gardens for appellee General No-Fault Insurance, Inc.
FARMER, J.
We reverse the grant of summary judgment on General No-Fault Insurance's claim against Bankers Insurance Company for common law indemnity. There is nothing in the record to support a conclusion that General No-Fault could be held vicariously liable for any misconduct of its principal, Bankers Insurance. See Robert L. Turchin Inc. v. Gelfand Roofing Inc., 450 So.2d 554 (Fla. 3d DCA 1984) (common law indemnity requires showing that party was not actively negligent but only vicariously, derivatively or technically liable and that duty in question was actually duty of another). Accordingly General No-Fault's claim for common law indemnity is wholly without merit.
We affirm on all other issues. The trial court's grant of summary judgment in favor of the insureds on Bankers' claims for rescission and cancellation is fully supported by the record. Bankers has failed to afford the necessary condition precedent under both theories. As to rescission, it has failed to makeand in fact disclaims any obligation to do soa tender of all premiums paid by the insureds. See Leonardo v. State Farm Fire & Cas. Co., 675 So.2d 176, 179 (Fla. 4th DCA 1996) (Gross, J., concurring) ("Where an insurer seeks to rescind a voidable policy, it must both give notice of rescission and return or tender all premiums paid [e.s.] within a reasonable time after discovery of the grounds for avoiding the policy."). The basis for the rescission (as well as the cancellation) is the alleged misrepresentation in the application, which necessarily affects both the initial policy period as well as the renewal. Yet Bankers has offered to return the earned premium for only the renewal year of the policy, rather than for both policy periods the insurance was ostensibly in effect as a result of the alleged misrepresentation.
As to cancellation, Bankers failed to comply with its statutory obligations to effect a cancellation of its policy. See § 627.7282(1)(c), Fla. Stat. (2000). Bankers failed to return the unearned premium to its insured when it sent the refund instead solely to the premium finance company. The fact that the insureds had assigned the refund to the premium finance company simply means that Bankers could have made the refund check payable jointly to the insureds and the premium finance company, but it was still obligated to return the unearned premiums to its insureds.
GUNTHER and SHAHOOD, JJ., concur.