868 So.2d 593 (2004)
Jolene TROTTER and John Smith, Appellants,
v.
FORD MOTOR CREDIT CORPORATION, Appellee.
No. 2D02-5776.
District Court of Appeal of Florida, Second District.
March 3, 2004.
Keith A. Hope of the Hope Law Firm, P.A., Key Biscayne; J. Daniel Clark of Clark, Charlton and Martino, P.A., Tampa; and Theresa I. Wigginton of Teresa I. Wigginton, P.A., Brandon, for Appellants.
*594 Lori A. Heim of Hinshaw & Culbertson, Tampa, for Appellee.
NORTHCUTT, Judge.
Jolene Trotter and John Smith purchased a Ford Explorer from Freedom Ford, Inc., and financed the truck. Freedom later sold the financing contract to Ford Motor Credit Corporation (FMCC). After becoming dissatisfied with their purchase, Trotter and Smith sued both companies, asserting three counts against Freedom and one count against both Freedom and FMCC. This last count, captioned "common law restitution," is the only one at issue in this appeal. On FMCC's motion, the circuit court dismissed the action against it, with prejudice and without leave to amend.[1] We agree that the claim against FMCC was properly dismissed, but the circuit court erred in refusing to allow Smith and Trotter to attempt to amend it. We reverse and remand for further proceedings.
We review an order of dismissal for failure to state a cause of action de novo. McKey v. D.R. Goldenson & Co., 763 So.2d 409, 410 (Fla. 2d DCA 2000). Trotter and Smith alleged that the sales contract and the finance contract violated the Florida Motor Vehicle Retail Sales Finance Act, ch. 520, Fla. Stat. (2000), and the public policy of this state. Therefore, they claimed, the contracts were void ab initio and unenforceable. As to FMCC, they sought "restitution of all amounts paid without set-off." The circuit court dismissed the claim against FMCC because "an action for common law restitution does not exist under Florida Law" and because Smith and Trotter failed to allege any wrongdoing on FMCC's part that would support a cause of action.
We disagree with the court's holding that no cause of action for common law restitution exists in Florida. But we agree that Trotter and Smith have failed to plead such a claim. Their cause of action for restitution is based solely on alleged violations of sections 520.07(2), 520.07(7), 520.12, 520.13, and 627.682, Florida Statutes (2000). They offer no theory how violations of these statutes would entitle them to restitution from FMCC, the holder of their finance contract, of all amounts paid, other than that the violations rendered the contract "void under Florida's public policy." Nothing in the language of the Motor Vehicle Retail Sales Finance Act, or in Florida case law, would render the entire finance contract void because of the violations of chapter 520 that Trotter and Smith have asserted. The remedies for violations of the Act are stated in sections 520.12 and 520.13. In fact, Trotter and Smith have sought these very remedies against Freedom in count III of their complaint, based on the same violations asserted against both Freedom and FMCC in count IV. While the Act does mention holders of retail installment paper, see § 520.07(6), it does not provide a remedy against a holder unless that holder has committed a willful violation. See § 520.12(2). No such allegation was made concerning FMCC. Trotter and Smith cannot circumvent their inability to state a cause of action against FMCC under the Act merely by claiming any violation renders the contract void.
Another law, section 627.682, requires that insurance companies file certain forms pertaining to credit life and credit disability insurance with the Florida Department of Insurance. Even if a violation of that statute might render an insurance contract void against public policy, Trotter and *595 Smith would only be entitled to restitution of the premiums paid on that insurance. See London v. Wal-Mart Stores, Inc., 340 F.3d 1246, 1250 (11th Cir.2003). They have not alleged a basis for restitution of the entire amount they have paid FMCC in connection with the finance contract.
Trotter and Smith admit that their pleadings do not allege FMCC engaged in any wrongdoing. But they contend that they could amend their complaint to state claims against FMCC as a holder of the finance contract based on a Federal Trade Commission regulation known as the "Holder Rule," 16 C.F.R. § 433.2, or chapter 627, Florida Statutes (2000), without having to assert wrongdoing on the holder's part. A court should not dismiss a complaint without leave to amend unless the privilege of amendment has been abused or it is clear that the complaint cannot be amended to state a cause of action. Durkin v. Davis, 814 So.2d 1246, 1249 (Fla. 2d DCA 2002). The dismissed count of the complaint was the plaintiffs' first attempt to state a claim against FMCC. And while FMCC vigorously argues that no viable causes of action can be stated against it under the Holder Rule or chapter 627, we cannot decide that question in this appeal. Trotter and Smith have not been given the chance to plead those theories. Accordingly, we hold the circuit court erred in dismissing the claim against FMCC without allowing the plaintiffs leave to attempt to amend it.
We reverse and remand with directions that the circuit court permit Trotter and Smith an opportunity to amend their complaint against FMCC.
SILBERMAN and VILLANTI, JJ., Concur.
NOTES
[1] We have jurisdiction to review this order because it dismisses the entire case against FMCC. Fla. R.App. P. 9.110(k).