917 So.2d 901 (2005)
U.S. SECURITY INSURANCE COMPANY, Appellant,
v.
William FIGUEROA, Appellee.
No. 3D04-2046.
District Court of Appeal of Florida, Third District.
October 19, 2005.
*902 Michael A. Nuzzo (Miami); and David B. Pakula (Pembroke Pines), for appellant.
Bernard H. Butts, Jr. (Hialeah), for appellee.
Before LEVY, GERSTEN, and ROTHENBERG, JJ.
GERSTEN, J.
United States Security Insurance Company ("U.S. Security"), appeals an adverse final judgment entered after a jury trial. We reverse.
U.S. Security provided an insurance policy on William Figueroa's ("Figueroa") vehicle. The insurance policy, however, was financed by Appco Premium Finance Company ("Appco"). Shortly after U.S. Security issued the policy, it discovered a clerical error in the amount of the premium and notified Figueroa that a higher premium was due.
Utilizing a statutorily-required procedure, the notification offered Figueroa three options before canceling the policy. See § 627.7282(1), Fla. Stat. (2000). These three options included: (1) pay the additional premium by August 19, 2000, and maintain the policy under its original terms; (2) cancel the policy by August 19, 2000, and demand a refund of any unearned premiums; or (3) take no action and U.S. Security would cancel the policy on September 8, 2000, and return any unearned premiums. Because Figueroa took no action by the requested date, U.S. Security cancelled the policy on September 8, 2000.
Shortly after U.S. Security cancelled the policy, on September 13, 2005, Figueroa's vehicle was stolen. After both the theft and the cancellation of the policy, U.S. Security issued a check to Appco for the unearned premium on the cancelled insurance policy. Figueroa, meanwhile, submitted a claim for the theft of his vehicle, and U.S. Security denied the claim. Figueroa then sued U.S. Security to recover the loss from the theft of his vehicle, alleging that the insurance policy had not been effectively cancelled.
At trial, the jury returned its verdict in favor of Figueroa and awarded him the insurance benefits. The trial court, relying on Bankers Ins. Co. v. General No-Fault Ins., Inc., 814 So.2d 1119 (Fla. 4th DCA 2002), determined that the cancellation was ineffective because U.S. Security returned the unearned premium to Appco rather than to Figueroa. Understandably, the trial court's reliance on Bankers made perfect sense as Bankers is the only Florida appellate case addressing this issue. *903 This Court, however, disagrees with our sister court because Bankers misinterprets Florida law.
Section 627.7282(1), Florida Statutes (2000), provides that when an insurer determines that a policyholder has been charged an incorrect premium, the insurer shall immediately notify the policyholder that he has three options from which to choose. See § 627.7282(1), Fla. Stat. (2000).
Here, U.S. Security notified Figueroa, thus complying with the statutory requirements. In turn, Figueroa failed to respond, which invoked the third option and resulted in the policy self-canceling. The statute further provides for these circumstances and states that "[if] the policyholder fails to timely respond to the notice, the insurer shall cancel the policy and return any unearned premium to the insured." See § 627.7282(1)(c), Fla. Stat. (2000).
In Bankers, the court held that where an insurance company fails to return the unearned premium to its insured, and instead sends the refund to the premium finance company, the cancellation of the insurance policy is ineffective because the statutory obligations of section 627.7282(1)(c) have not been satisfied. Bankers, 814 So.2d at 1120. Essentially, Bankers interprets section 627.7282(1)(c) to read in the additional requirement that unearned premium refunds must be sent directly to the insured as a condition precedent to the cancellation of the policy. We disagree with this interpretation.
The plain language of section 627.7282(1)(c) requires the insurer to cancel the policy and return the unearned premium to the insured. This does not place a condition on the timing of the two events. Although U.S. Security returned the portion of the unearned premium to Appco, instead of Figueroa, it does not logically or impliedly affect the status of the cancellation. As a matter of law, the cancellation was effective regardless of when U.S. Security returned the unearned premium or to whom the premium was paid.
Accordingly, we hold that the trial court erred in relying on Bankers, and hold that section 627.7282(1)(c) does not require the insurer to return an unearned premium as a condition precedent to canceling the insurance policy. Our decision, however, does not foreclose Figueroa from bringing an action against U.S. Security for the unearned premium, pursuant to the section 627.7283, Florida Statutes (2000). We therefore reverse and instruct the trial court to enter a directed verdict in favor of U.S. Security.
Reversed and remanded with directions.