948 So.2d 1 (2006)
Elizabeth GONZALEZ, Appellant,
v.
EAGLE INSURANCE COMPANY, Appellee.
No. 3D05-906.
District Court of Appeal of Florida, Third District.
September 1, 2006.
Rehearing and Rehearing Denied February 2, 2007.
Lidsky, Vaccaro & Montes; Richard Adams; Leo Bueno, Hialeah, for appellant.
Conroy, Simberg, Ganon, Krevans & Abel, and Hinda Klein, Hollywood, for appellee.
Before GERSTEN, RAMIREZ, and SHEPHERD, JJ.
Rehearing and Rehearing En Banc Denied February 2, 2007.
RAMIREZ, J.
Elizabeth Gonzalez appeals the dismissal of her complaint with prejudice for failure to state a cause of action. We reverse because, in her Amended Complaint, Gonzalez stated a cause of action for declaratory relief where she alleged that the insurer, appellee Eagle Insurance Company, canceled her policy based on a misrepresentation *2 or omission and nonetheless, retained all the premiums she had paid.
At the time Gonzalez applied for automobile insurance coverage with Eagle, she failed to disclose her son as an additional driver. Gonzalez later filed a claim with Eagle to recover for the theft of her automobile. Eagle denied the claim, canceled the policy, and did not refund any premium. We conclude that Eagle's cancellation of the insurance policy in effect rendered the insurance contract void. Consequently, Eagle's retention of the premiums entitled Gonzalez to receive restitution of the premiums she paid.
The standard of review for an order of dismissal for failure to state a cause of action is de novo. Trotter v. Ford Motor Credit Corp., 868 So.2d 593, 594 (Fla. 2d DCA 2004). Section 627.409, Florida Statutes (2005), provides as follows:
(1) Any statement or description made by or on behalf of an insured or annuitant in an application for an insurance policy or annuity contract, or in negotiations for a policy or contract, is a representation and is not a warranty. A misrepresentation, omission, concealment of fact, or incorrect statement may prevent recovery under the contract or policy only if any of the following apply:
(a) The misrepresentation, omission, concealment, or statement is fraudulent or is material either to the acceptance of the risk or to the hazard assumed by the insurer.
(b) If the true facts had been known to the insurer pursuant to a policy requirement or other requirement, the insurer in good faith would not have issued the policy or contract, would not have issued it at the same premium rate, would not have issued a policy or contract in as large an amount, or would not have provided coverage with respect to the hazard resulting in the loss.
. . .
Because Gonzalez misrepresented material facts on her insurance application, it "may prevent recovery under the contract or policy." A similar statute, section 627.7282(1)(c), dealing with the charging of an incorrect premium, specifies for the cancellation of the policy and the return of any unearned premium to the insured. Section 627.409, however, is silent as to whether the insurer must return the premiums paid when there is a material misrepresentation.
First, we hold that the failure to return the premiums did not waive Eagle's right to deny coverage. In U.S. Sec. Ins. Co. v. Figueroa, 917 So.2d 901, 903 (Fla. 3d DCA 2005), we held that "section 627.7282(1)(c) does not require the insurer to return an unearned premium as a condition precedent to canceling the insurance policy." If we did not make the return of the unearned premium a condition precedent where the statute specifically provided for a refund of the unearned premiums, we certainly are not going to require it where the statute is silent.
A more difficult question is whether Eagle is entitled to deny coverage and retain the premiums it collectedthe familiar "having your cake and eating it too." We conclude that the insurer's retention of the full amount of the premium where it takes the position that it would never have underwritten the policy for the amount of premium charged, is contrary to the law of contract and unjust enrichment.
Florida law indeed gives an insurer the unilateral right to rescind its insurance policy on the basis of misrepresentation in the application of insurance. See Towers v. Clarendon Nat'l Ins. Co., 927 So.2d 913 (Fla. 2d DCA 2006); Fabric v. Provident Life & Acc. Ins. Co., 115 F.3d 908 (11th *3 Cir.1997). We stated in Martinez v. General Ins. Co., 483 So.2d 892, 894 (Fla. 3d DCA 1986), a case in which the insurer omitted her son's name from the renewal application and filed a claim to recover for a loss arising out of the son's automobile accident, that rescission and the return of a premium paid may be a proper remedy for an insurer where an omission or misrepresentation goes to the entirety of coverage. We do not read Martinez to allow the insurer to retain the premiums in all cases.
In Perlman v. Prudential Ins. Co., 686 So.2d 1378, 1380 (Fla. 3d DCA 1997), we stated that "parties to a rescinded agreement are required, insofar as possible, to restore the status quo." Although dealing with a different statute, the Second District stated in Trotter, 868 So.2d at 594-95, that, if a violation of section 627.682 renders the insurance contract void, the insureds would be entitled to restitution of the premiums paid on the insurance contract. The insurer must place the insured back in the same position the insured was in before the effective date of the policy through the return of the premium. See 9 Fla. Jur.2d, Restoration of Parties to the Status Quo § 35 (2004). We agree with Judge Gross' concurring opinion in Leonardo v. State Farm Fire and Cas. Co., 675 So.2d 176, 179 (Fla. 4th DCA 1996), in which he reasoned as follows:
Construing section 627.409, the Supreme Court has noted that material misstatements in an insurance application subject the insurance contract "to being voided," similar to an "equitable ground for recission [sic]." Continental Assur. Co. v. Carroll, 485 So.2d 406, 409 (Fla. 1986); see Vega v. Independent Fire Ins. Co., 651 So.2d 743, 744 (Fla. 5th DCA 1995). Where an insurer seeks to rescind a voidable policy, it must both give notice of rescission and return or tender all premiums paid within a reasonable time after discovery of the grounds for avoiding the policy. Lee R. Russ, Couch on Insurance §§ 32:63, 32:71 (3d ed.1995); 3A John Alan Appleman & Jean Appleman, Insurance Law and Practice § 1832 (1941); see Pino v. Union Bankers Ins. Co., 627 So.2d 535, 536-37 (Fla. 3d DCA 1993); Borden v. Paul Revere Life Ins. Co., 935 F.2d 370, 379 (1st Cir.1991).
To hold otherwise would unjustly enrich the insurer at the expense of the insured.
Similarly, here, the insured is entitled to the return of the premiums paid. Although the insured did not "rescind" its contract with the insurer and instead "canceled" the policy, the effect is the same. Eagle took the position that it would have charged a considerably higher premium had it known that Gonzalez' son resided with her. Thus, Gonzalez did not obtain any benefits under the policy because Eagle would have denied any claim at any time after the policy was issued. At the core of the law of restitution and unjust enrichment is the principle that a party who has been unjustly enriched at the expense of another is required to make restitution to the other. See Greenfield v. Manor Care, Inc., 705 So.2d 926, 930 (Fla. 4th DCA 1997)(receded from on other grounds).
Eagle makes two arguments to justify its retention of the premiums. First, it states that section 627.409 does not mandate a refund of the premium. But neither does it authorize the retention of the premium. Consequently, the statute does not modify the common law principle which requires that the parties be restored to the status quo.
Eagle also relies on Martinez v. General Ins. Co., 483 So.2d 892 (Fla. 3d DCA 1986). *4 As we stated earlier, that case also involved the omission of the son's name from the application as material under section 627.409. Id. at 893. In allowing the insurer to deny coverage and retain a portion of the premium, this Court first quoted extensively from Dairyland Ins. Co. v. Kammerer, 213 Neb. 108, 327 N.W.2d 618 (1982), where the Nebraska court held that when the insurer learns of the omission, it has two choices: (1) It could determine that, because of the omission, it wished to cancel the policy from its inception and return to the insured the entire premium, on the theory that the policy never came into existence, or (2) it could waive the alleged fraud, keep the premium earned to date of cancellation, and accept responsibility under the policy. Id. at 894. The Martinez case then distinguishes Kammerer on the basis that the claim in Kammerer was unrelated to the omission:
The failure to list [the son] on the renewal application precluded coverage only for a claim arising out of [the son's] driving a vehicle insured under the policy. Mrs. Martinez herself was covered throughout the entire period that the policy was in force, and it is this coverage, and no other, that was acknowledged by the insurer when it retained the premium.

Id. (emphasis added).
Our situation, however, is on all fours with Kammerer: the claim was totally unrelated to the omission. Gonzalez's claim was for the loss occasioned by the theft of her vehicle, not her son's. And, Eagle has not attempted to retain premiums because it provided any coverage. On the contrary, Eagle takes the position that the policy never came into existence.
We therefore conclude that Gonzalez stated a cause of action for declaratory relief, preventing the dismissal of her complaint with prejudice where she alleged that Eagle purported to cancel her policy based on her misrepresentation or omission while at the same time retaining the premiums paid under the policy.
Reversed and remanded.