PER CURIAM.
A client who sued his law firm for malpractice and then intervened in a declaratory judgment action between the firm and its insurer appeals from a final summary judgment allowing the insurer to rescind the insurance policy for material misrepresentations on the policy renewal application. The client argues that summary judgment was improper because: (i) genuine issues of fact existed on the elements of misrepresentation and materiality; (ii) genuine issues of fact existed as to whether the doctrines of waiver or estop-pel precluded rescission; and (iii) certain policy provisions precluded rescission. We reverse and remand for further proceedings because genuine issues of fact existed as to whether waiver or estoppel barred rescission. Specifically, record evidence exists from which a jury could conclude that shortly after the client sued the firm in February 2006, the insurer was made aware of the facts it now claims justify rescission, but it did not assert rescission until November 2007. In the interim, the insurer defended the firm, settled another claim on the policy, and took other actions that were inconsistent with rescission (waiver)[1] and upon which the firm relied to its detriment (estoppel).[2] We affirm as *1013 to all other issues decided on summary judgment.
AFFIRMED IN PART; REVERSED IN PART; REMANDED FOR FURTHER PROCEEDINGS.
PALMER, LAWSON and JACOBUS, JJ., concur.

. Contrary to Carolina’s assertions, waiver is a defense to rescission of an insurance policy for material misrepresentation. See, e.g., Johnson v. Life Ins. Co. of Ga., 52 So.2d 813, 815 (Fla. 1951); Graham v. Lloyd's Underwriters at London, 964 So.2d 269, 276 (Fla. 2d DCA 2007); Leonardo v. State Farm Fire and Cas. Co., 675 So.2d 176, 178 (Fla. 4th DCA 1996); Gurrentz v. Fed. Kemper Life Assur. Co., 513 So.2d 241, (Fla. 4th DCA 1987); Wimberg v. Chandler, 986 F.Supp. 1447, 1455 (M.D.Fla.1997). Generally, waiver is a question of fact for the jury. Leonardo, 675 So.2d at 178.

. "The general rule in applying equitable es-toppel to insurance contracts provides that *1013 estoppel may be used defensively to prevent a forfeiture of insurance coverage, but not affirmatively to create or extend coverage." Crown Life Ins. Co. v. McBride, 517 So.2d 660 (Fla.1987); Six L’s Packing Co., Inc. v. Fla. Farm Bureau Mut. Ins. Co., 268 So.2d 560, 563 (Fla. 4th DCA 1972) opinion adopted, 276 So.2d 37 (Fla.1973) ("In other words, while an insurer may be estopped by its conduct from seeking a Forfeiture of a policy, the insurer's Coverage or restrictions on the Coverage cannot be extended by the doctrine of waiver and estoppel.").