WELLS, J.,
specially concurring.
I agree that the final judgment entered below must be reversed. The undisputed evidence is that the homeowners falsely represented in their applications for fire insurance coverage that their home had a monitored central station alarm system; that these representations were material to the insurer’s decision to insure the risk; *604 and that the insurer relied on these representations in issuing the fire insurance coverage at issue. On this record, the insurer was entitled to rescission of the policy at issue. See § 627.409(1), Fla. Stat. (2007); United Auto. Ins. Co. v. Salgado, 22 So.3d 594, 599 (Fla. 3d DCA 2009) (“[W]here A misstatement • or omission materially affects the insurer’s risk, or would have changed the insurer’s decision whether to issue the policy and' its terms, [section 627.409] may preclude recovery.”); Gonzalez v. Eagle Ins. Co., 948 So.2d 1, 2 (Fla. 3d DCA 2006) (“Florida law indeed gives an insurer the unilateral right to rescind its insurance , policy on the basis of misrepresentation in the application of insurance.”); Union Am. Ins. Co, v. Fernandez, 603 So.2d 653, 653 (Fla. 3d DCA 1992) (stating that if a material misrepresentation is established at trial, “the subject insurance policy would be void ah initio ”).