# Third District Court of Appeal

## State of Florida

Opinion filed May 13, 2026.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D25-1712
Lower Tribunal No. 25-78124-CC-05
_____

**Alina Levkina,**
Appellant,

vs.

**Direct General Insurance Company,**
Appellee.

An Appeal from the County Court for Miami-Dade County, Stephanie Silver, Judge.

Alina Levkina, in proper person.

McFarlane Law, and William J. McFarlane, III, and Michael K. Mittelmark (Coral Springs), for appellee.

Before SCALES, C.J., and BOKOR and GOODEN, JJ.

PER CURIAM.

Alina Levkina, *pro se* appellant and the plaintiff below, appeals a trial court order dismissing, with prejudice, her lawsuit against appellee, the defendant below, Direct General Insurance Company ("Direct General") for failure to state a cause of action. We reverse because the trial court should have given Levkina an opportunity to file an amended complaint.

According to Levkina's complaint, she leased her car to a rental car company, Luxe & Speed. Luxe & Speed then rented the car to a customer, Ryan Dacier. In the rental agreement between Dacier and Luxe & Speed, Dacier expressly assigned his insurance benefits to Luxe & Speed. Direct General was identified in the agreement as Dacier's automobile insurer. Dacier then was involved in an accident that apparently rendered the car a total loss.

On behalf of Luxe & Speed, a company named All Star Claim Services ("All Star") sent a demand to Direct General seeking insurance proceeds for the loss. After its investigation, Direct General, presumably pursuant to the vehicle's comprehensive/collision coverage, paid All Star the sum of $22,764.73. According to Levkina, she received none of the insurance proceeds despite having paid for the repairs. The record is unclear as to whether All Star remitted some or all of the proceeds to Luxe & Speed.

2

On May 1, 2025, approximately two years after Direct General's payment to All Star, Levkina brought suit in county court against Direct General, asserting claims of wrongful payment and civil conspiracy to defraud. The gravamen of Levkina's claims is that Direct General should have paid her, as the vehicle's record owner, the insurance proceeds.

Direct General filed a motion to dismiss Levkina's complaint, asserting: (i) that Levkina failed to state a cause of action because she was not the insured under the applicable policy issued by Direct General, and therefore, Direct General owed her no duty; and (ii) her claim was precluded by Florida's non-joinder statute, section 627.4136 of the Florida Statutes.[1]

Levkina filed a response in opposition to Direct General's motion. She attached to her response a written assignment of benefits, dated June 6, 2025, in which Luxe & Speed assigned Levkina all insurance proceeds from the accident. Importantly, the assignment also stated that, from the inception of the relationship, it was always the intent of Levkina and Luxe & Speed that any insurance proceeds be paid to Levkina as owner of the vehicle. Levkina's

---

[1] This statute provides that, as a condition precedent to bringing an action against an insurer on a liability insurance contract, a person who is not an insured must first obtain a settlement or a verdict against the person who is the insured. § 627.4136(1), Fla. Stat. (2025).

response also requested leave to file an amended complaint if the trial court required greater specificity in her pleading.

After conducting a hearing on Direct General's motion,[2] the trial court entered the challenged order that dismissed Levkina's complaint with prejudice without giving Levkina an opportunity to amend. The order states that it was entered "for the reasons stated in open court." Levkina timely appealed.

Generally, in conducting its *de novo* review of an order dismissing a complaint, an appellate court is bound by the four corners of the complaint and its attachments, and accepts as true the plaintiff's well-pleaded allegations. See, e.g., Ahmed v. Hamilton Ins. DAC, 409 So. 3d 704, 707 (Fla. 3d DCA 2025); Miami-Dade Cnty. v. Perez, 343 So. 3d 175, 177 n.2 (Fla. 3d DCA 2022). It does appear that Levkina's initial complaint failed to state a cause of action against Direct General, as neither the complaint's allegations, nor its attachments, allege that Direct General knew, or should have known, of Luxe & Speed's assignment of benefits to Levkina.[3]

---

[2] We have not been provided a transcript of this hearing.

[3] Given our disposition of this case, we need not, and therefore do not, adjudicate whether Florida's non-joinder statute applies to a situation where, as here, a plaintiff essentially alleges a first-party, rather than a third-party, claim against an insurer.

4

Nevertheless, we are compelled to reverse that portion of the challenged order purporting to dismiss Levkina's case with prejudice. Florida has long recognized that, in most cases, a plaintiff should be given the opportunity to file an amended complaint upon a trial court's finding that an initial complaint fails to state a cause of action, particularly where a ground for amendment may exist. King David of Sunny Isles Condo. Ass'n v. Bushoy, 394 So. 3d 153, 155 (Fla. 3d DCA 2024) ("While dismissal is appropriate . . . , such dismissal should generally be with leave to amend, unless such amendment would be futile on its face."); see Trotter v. Ford Motor Credit Corp., 868 So. 2d 593, 595 (Fla. 2d DCA 2004) ("A court should not dismiss a complaint without leave to amend unless the privilege of amendment has been abused or it is clear that the complaint cannot be amended to state a cause of action."); Fla. R. Civ. P. 1.190(a) ("Leave of court shall be given freely where justice so requires."). While we have no transcript of the hearing on Direct General's motion to dismiss, Levkina's written opposition to that motion at least alerts the trial court to the prospect of filing an amended complaint.

We, therefore, reverse the challenged dismissal order and remand to the trial court with instructions to allow Levkina leave to file an amended complaint.[4]

Reversed and remanded with instructions.

---

[4] We express no opinion on the merits of any amended complaint filed by Levkina against Direct General, or on Levkina's potential claims against other potential parties not named in her initial complaint.