**NATIONAL LIFE & ACCIDENT INS. CO., Inc., v. TRAVIS et al.**

**No. 8803.**

Court of Civil Appeals of Texas. Austin.

May 10, 1939.

Terry, Cavin & Mills and Rupert R. Harkrider, all of Galveston, for appellant.

Thornton & Markwell, of Galveston, for appellees.

BAUGH, Justice.

Appeal is from a judgment of the County Court for $178, in favor of appellee against appellant on appeal to that court from a like judgment in the justice court. The suit was upon a life insurance policy issued by appellant on May 25, 1936, on the life of Roseida Jackson, an eight year old negro girl, in which her aunt, Winnie Travis, with whom she lived, was named beneficiary. The policy was issued upon written application but without medical examination, and the premiums payable ten cents a week.

The child died December 24, 1936, and all premiums were regularly paid to the soliciting agent, 33 in all, up to the death of the insured. The Company denied liability on the ground that the insured was not in "sound health" on the date of delivery of the policy; and that she was then suffering from a disease of the kidneys, either or both of which rendered the policy

invalid under its terms; and tendered into court all premiums paid. Trial was to a jury on special issues, all of which were found against the insurer, and judgment rendered accordingly; hence this appeal.

Appellant contends that the undisputed evidence shows that the insured was not in sound health on May 25, 1936, the date of the policy, and that it was entitled to an instructed verdict. The jury found that she was. The contention is also made that the jury's finding is against the overwhelming preponderance of the evidence and should be set aside for that reason.

The policy provided, in addition to the sound health requirement, that if the insured had had, prior to the date of the policy, any cancer or pulmonary disease, "or disease of the heart, liver or kidneys," unless same were expressly waived by endorsement on the policy itself, the company might avoid the policy within the contestable period, and be liable only for a return of the premiums paid.

The uncontradicted evidence showed that the insured was admitted to the John Sealy Hospital at Galveston on March 11, 1936, with an enlarged tumor of the left kidney, malignant and cancerous in character, and that it was congenital and incurable. She was given X-ray treatments almost daily until April 7, 1936, when the size of the tumor had been greatly reduced. Winnie Travis testified that when the policy was delivered, Roseida looked and acted as a normal child, going to school and playing as other children did. She contradicted the testimony of the physician who examined the child in March, as to what the physician told her about the child's condition, but admitted on cross examination that he had told her the child then had a kidney tumor.

The child was again brought to the hospital and treated for the same malady by X-ray from June 9th to June 19, 1936 (only two weeks after the policy was delivered), and again from September 21st to October 1st. She was again returned to the hospital in December, 1936, at which time death resulted from the tumor of the kidney. The only contradiction of the testimony of two eminent disinterested physicians, based upon personal and X-ray examination of the child, and continued observation of her case in the hospital, that she had a congenital, continuing, and malignant kidney tumor, incurable in nature and fatal at most in only a few years, was that of Winnie Travis, who applied for the policy and in which she was made the beneficiary, that the child on May 25th appeared to be normal. Even if it was not conclusively shown as a matter of law that the insured was not in sound health when the policy was delivered, we are clear in the view that the verdict of the jury is so contrary to the overwhelming preponderance of the evidence that we are unwilling to let it stand.

Appellee urges, however, that in any event the insurer either waived the forfeiture provisions of the policy, or is estopped to assert them. This because the soliciting agent saw the child at the time he took the application and delivered the policy, and continuously thereafter when he continued to collect the weekly premiums; and that so acting within the scope of his authority his knowledge is imputable to the company. The application, manifestly in the possession of the insurer, was not placed in evidence; nor did the soliciting agent testify. We cannot, therefore, determine this issue on the evidence presented in the record. In instances where no medical examination is required, and duty is imposed by the insurance company upon its agent who delivers the policy to ascertain whether the insured is then in sound health, and to continue thereafter to collect the weekly premiums, the knowledge so acquired by him as its representative acting within the scope of his authority and in discharge of the duties imposed upon him, is imputable to his principal whether disclosed by him to it or not; and the company will be bound by such knowledge. We expressly so held in American National Ins. Co. v. Park, Tex.Civ.App., 55 S.W.2d 1088, writ refused. If, therefore, the agent in the discharge of his duties were apprized of the facts upon which the company now seeks to avoid the policy, that information would be imputable to the company and binding upon it as a waiver of the forfeiture provisions of the policy. On this issue, however, the case does not appear to have been fully developed; and we cannot say from the record before us that the company has waived these provisions.

For the reasons stated, the judgment of the trial court is reversed and the cause remanded for another trial.

Reversed and remanded.