52 So.2d 813 (1951)
JOHNSON
v.
LIFE INS. CO. OF GEORGIA.
Supreme Court of Florida, Division B.
May 25, 1951.
*814 Whit Newberry, Jr., Pensacola, for appellant.
Kirke M. Beall, Pensacola, and Robert M. Ervin, of Ellis, Ervin & Wakeman, Tallahassee, for appellee.
ROBERTS, Justice.
Plaintiff-appellant, as beneficiary, filed suit in the court below on a life insurance policy issued by defendant-appellee on the life of her late husband. The policy was a "Non-medical" policy, that is, it was issued upon written application without medical examination. The insurance company filed its answer in the cause, alleging (1) misrepresentations in the application as to the health of the insured at the time of the application; (2) breach of the condition in the application requiring the insured to be in sound health at the time of delivery of the policy; and (3) that the company's liability was limited to a return of the premiums under a provision in the policy by which, for a period of two years from the date of issuance, recovery is limited to a return of the premiums "if within two years prior to the date of issue of this policy the insured has received * * * medical or surgical treatment or attention, and the insured or any claimant under the policy fails to show that the condition occasioning such treatment or attention was not of a serious nature or was not material to the risk unless reference to such * * * medical or surgical treatment or attention is endorsed on this policy by the company; provided, however, that the liability of the company will not be limited because of the absence of endorsement referring to any information which was disclosed in a written application for this policy."
Pursuant to the agreement of the parties, the deposition of one Charles W. Mims, a former employee of the defendant, was filed in the cause. Mr. Mims testified that he, as soliciting and collecting agent of the defendant, took the application for the insurance policy here sued upon and collected premiums thereon until the death of the insured; that the application was made on July 20, 1949, and the policy issued on July 25, 1949, being delivered to the insured a few days thereafter; that about two months after the policy was issued, he learned that the insured had gone to the tuberculosis sanitarium at Marianna, but that "he only went there for 90 days and we thought he was all right," and he continued to collect the premiums with knowledge of the insured's tubercular condition. The insured died on March 25, 1950, and it seems to be admitted that tuberculosis was the cause of his death.
There were also filed in the cause the affidavits of Dr. Clyde E. Miller, Jr., and Dr. Sidney Kennedy. It appears therefrom that Dr. Miller examined the insured on July 20, 1949, prescribed treatment for a slight cold with bronchitis, and gastroenteritis, and instructed the insured to report to Dr. Kennedy within the next few days; that, on July 25, 1949, the insured was examined by Dr. Kennedy and an X-ray made on that same day; that Dr. Kennedy's diagnosis of the X-ray was that the insured was suffering from pulmonary tuberculosis.
It is uncontroverted, then, that the insured was not in sound health at the time of the issuance and delivery of the policy, and that he had actually received medical treatment within two years prior to the date of the issuance of the policy, which was not endorsed on the policy nor on the application therefor. It is also uncontroverted that the defendant's agent had actual knowledge of the insured's tubercular condition two months after the policy was issued.
On the basis of such facts, both parties filed a motion for summary judgment, which was entered by the trial judge in favor of plaintiff, but only for the amount of the premiums paid under the policy, with interest. The plaintiff has appealed *815 from such judgment and here contends that the trial judge erred in denying recovery in the amount of the full value of the policy. If, as contended by appellant, the admitted facts show a waiver, as a matter of law, of the provisions of the policy here relied upon, then the trial judge must be held in error.
No point is here made of the fact that the knowledge acquired by the agent as to the tubercular condition of the insured, might not have been communicated to the company, and properly so, since under the circumstances here present the knowledge of the agent is imputable to his principal whether disclosed by him to it or not, and the company will be bound by such knowledge. See National Life & Accident Ins. Co., Inc., v. Travis et al., Tex. Civ.App., 128 S.W.2d 867; Poole v. Travelers Ins. Co. et al., 130 Fla. 806, 179 So. 138.
At the outset, we mention the familiar and oft-quoted rule that a forfeiture of rights under an insurance policy is not favored by the law, especially where, as here, a forfeiture is sought after the happening of the event giving rise to the insurer's liability. And it is equally well settled in insurance law that, when an insurer has knowledge of the existence of facts justifying a forfeiture of the policy, any unequivocal act which recognizes the continued existence of the policy or which is wholly inconsistent with a forfeiture, will constitute a waiver thereof. While, ordinarily, the insurer is not deemed to have waived its rights unless it is shown that it has acted with the full knowledge of the facts, the intention to waive such rights may be inferred from a deliberate disregard of information sufficient to excite attention and call for inquiry as to the existence of facts by reason of which a forfeiture could be declared. See Zeldman v. Mutual Life Ins. Co. of New York, 269 App.Div. 53, 53 N.Y.S.2d 792, 794, in which it was stated that "Constructive notice may, however, be the legal equivalent of knowledge, in the sense that circumstances putting the insurer on notice may not be deliberately disregarded." See also Loduca et al. v. St. Paul Fire & Marine Ins. Co., Mo. App., 105 S.W.2d 1011; Columbian Nat. Life Ins. Co. v. Rodgers, 10 Cir., 116 F.2d 705; Supreme Lodge K.P. v. Kalinski, 163 U.S. 289, 16 S.Ct. 1047, 41 L.Ed. 163; Armourdale State Bank v. Homeland Ins. Co., 134 Kan. 245, 5 P.2d 786.
In the instant case, the defendant had knowledge of the fact that the insured was suffering from tuberculosis only two months after the date of the issuance of the policy; and, from the very nature of this disease, the only reasonable inference is that the insured was suffering therefrom on the date of the issuance of the policy. Instead, however, of making the further inquiry dictated by reasonable prudence, the defendant deliberately disregarded this information, and we think it must now be held to be charged with knowledge of the facts which such an inquiry would have disclosed, and upon which defendant now relies as a defense to the payment of the full amount due under the policy. While we do not wish to say that knowledge of an illness occurring after the issuance of the policy will, in all cases, be constructive notice to the insurer of unsound health at the time of issuance of the policy or that insured had been attended by a physician within two years prior thereto, see Bouligny v. Metropolitan Life Insurance Co., Mo. App., 160 S.W.2d 474, we think that the nature of the insured's illness here was such that the notice thereof should have excited its attention and called for an inquiry as to the probable existence of facts justifying a forfeiture of the policy.
The acceptance and collection of the premiums with constructive notice of the facts here relied on as a defense is certainly an "unequivocal act which recognizes the continued existence of the policy" and which is "wholly inconsistent with a forfeiture," under the rule hereinabove stated. As stated in Bankers Life & Loan Ass'n of Dallas v. Ashford, Tex.Civ.App., 139 S.W.2d 858, 860, "Nothing could be more inconsistent with the forfeiture of an insurance policy than the acceptance and retention of the premiums paid by the insured *816 for the full protection afforded by the policy which, it is admitted, the insured thought would be paid to the beneficiary under the policy after his death." And we agree that, in equity and good conscience, an insurance company should not be permitted to lull the assured into a false sense of security by accepting premiums after knowledge, either actual or constructive, of facts sufficient to avoid the policy, and then when the risk eventuates assert as a basis for escape from liability the existence of facts or conditions of which they were, or should have been, previously aware.
The uncontroverted evidence shows, as a matter of law, a waiver by the defendant of the forfeiture provisions of the policy here relied on as a defense. It was, therefore, error to deny to plaintiff the full amount of the policy sued upon, and the judgment is reversed and the cause remanded with directions to enter judgment for such amount.
Reversed and remanded with directions.
SEBRING, C.J., and CHAPMAN and ADAMS, JJ., concur.