757 So.2d 554 (2000)
UNITED SERVICES AUTOMOBILE ASSOCIATION, a reciprocal inter-insurance exchange, Appellant,
v.
Eugene Francis CLARKE, Phyllis Clarke, his wife, Patsy Traynor and William C. Traynor, Appellees.
No. 4D98-4032.
District Court of Appeal of Florida, Fourth District.
April 26, 2000.
Rehearing Denied June 15, 2000.
J. Bowen Brown and Betsy E. Gallagher of Law Office of Gallagher & Howard, P.A., Tampa, and William F. Martin of Law Office of Peterson, Bernard, Vendenberg, Zei, Geisler & Martin, Fort Lauderdale, for appellant.
Richard A. Sherman and Rosemary B. Wilder of Law Office of Richard A. Sherman, P.A., Fort Lauderdale, and Wilton L. Strickland of Law Office of Wilton L. Strickland, Fort Lauderdale, for Appellees-Eugene Francis Clarke and Phyllis Clarke.
TAYLOR, J.
United Services Automobile Association ("USAA") seeks review of a declaratory judgment finding insurance coverage in favor *555 of the appellees, Eugene and Phyllis Clarke.
USAA is a reciprocal inter-insurance exchange, which, in 1988, insured only active, retired and former commissioned military officers or their families.[1] Eugene Clarke applied for insurance from USAA in May 1988. He represented that he was commissioned through Officer Training School on August 1, 1955 and was discharged from the United States Air Force as a captain. Based on these representations, USAA issued an automobile insurance policy to Clarke.
In September 1989 Eugene Clarke ("Clarke") was involved in an automobile accident. He and his wife, Phyllis Clarke, sued the tortfeasors and USAA, their uninsured motorist (UM) coverage carrier. USAA authorized the Clarkes to accept the tortfeasors' policy limits of $15,000 and waived its subrogation rights.
In December 1995 USAA discovered that Clarke had never been a commissioned officer in the military. USAA filed a separate declaratory judgment action against the Clarkes seeking to void the insurance policy ab initio because of Clarke's material misrepresentation in his application for insurance. In defense, Clarke asserted that USAA had constructive knowledge of the misrepresentation; that USAA should have known from the "glaringly apparent" age discrepancy between his date of birth (8/4/37) and the date of commission (8/1/55) on his insurance application that he could not have been a commissioned officer. According to the information he submitted to USAA, he would have been a commissioned officer at age 17. The trial court agreed that Clarke materially misrepresented his military status, but found that USAA waived its right to rescind the policy because USAA had constructive knowledge of the misrepresentation.
The trial court also found that USAA failed to follow its internal procedures in verifying Clarke's military status; it did not receive an eligibility certificate and power of attorney from Clarke and did not cancel the policy after failing to obtain these documents. The court also noted its concern that USAA did not assert misrepresentation as a defense until after it had allowed the Clarkes to accept the tortfeasors' policy limits and cut off any future recovery by the Clarkes.
Section 627.409(1), Florida Statutes (1997), provides:
(1) Any statement or description made by or on behalf of an insured or annuitant in an application for an insurance policy or annuity contract, or in negotiations for a policy or contract, is a representation and is not a warranty. A misrepresentation, omission, concealment of fact, or incorrect statement may prevent recovery under the contract or policy only if any of the following apply:
(a) The misrepresentation, omission, concealment, or statement is fraudulent or is material either to the acceptance of the risk or to the hazard assumed by the insurer.
(b) If the true facts had been known to the insurer pursuant to a policy requirement or other requirement, the insurer in good faith would not have issued the policy or contract, would not have issued it at the same premium rate, would not have issued a policy or contract in as large an amount, or would not have provided coverage with respect to the hazard resulting in the loss.
Several USAA representatives testified about USAA's underwriting policies and procedures. Based on their testimony, the trial court found that Clarke's misrepresentation concerning his military status was material. In 1988, when Clarke applied for insurance, USAA limited its membership to active, retired and former commissioned officers and their families. USAA was not open to the general public. It was a reciprocal inter-insurance exchange, *556 in which the members insured each other and assumed only the risks associated with insuring other members who met USAA's eligibility requirements. These risks were minimized because its members shared certain desirable characteristics: they were better educated and statistically safer drivers than the general public. USAA members could be commissioned directly from civilian life, through officer candidate school, or through a military academy.
It is undisputed that Clarke was never a commissioned officer in the military and that he misrepresented his military status in obtaining insurance coverage from USAA. It is also undisputed that, but for the misrepresentation, USAA would not have issued the policy. However, the court found that USAA was estopped from asserting misrepresentation as a bar to coverage because it should have known of the misrepresentation from the apparent age discrepancy in Clarke's application. Further, USAA would have discovered the fraudulent information if it had followed its verification procedures.
In finding a waiver of Clarke's misrepresentation, the trial court cited Johnson v. Life Ins. Co. of Georgia, 52 So.2d 813 (Fla.1951). There, the supreme court held that a life insurance company waived the right to invoke forfeiture for non-disclosure of the insured's previous medical treatment, where the insurance company's agent had actual knowledge of the insured's tubercular condition two months after the policy was issued, yet the company continued to accept premiums until the insured's death. Unlike in Johnson, however, in this case, no insurance agent had actual knowledge of the false information furnished by the insured and there were no circumstances which sufficiently put USAA on notice of the true facts such that it should be charged with knowledge of those facts. Here, there was no "deliberate disregard of information sufficient to excite attention and call for inquiry as to the existence of facts by reasons of which a forfeiture could be declared." Id. at 815. The evidence showed that USAA's information on Clarke's birth and commission dates was provided over the phone to USAA's senior sales representative. She, in turn, input the information on different computer screens that did not display the two dates next to each other. Thus, the age discrepancy was not readily apparent and did not call attention to any situation leading to further inquiry. USAA first discovered the misrepresentation when it was conducting discovery in a civil suit initiated by Clarke years later.
We find that the facts in Johnson are distinguishable and decline to apply the doctrine of waiver to this case. Because the trial court made factual findings that Clarke misrepresented that he was an officer and that his military status was material in determining eligibility for USAA coverage, we find that USAA was entitled to void the policy, pursuant to subsections (a) and (b) of section 627.409, Florida Statutes.
We reverse with directions that judgment be entered in favor of USAA.
REVERSED.
FARMER and KLEIN, JJ., concur.
NOTES
[1] USAA insured other specified groups under circumstances immaterial to the instant case.