**Frank A. LANE, Plaintiff,**

v.

**PROVIDENT LIFE AND ACCIDENT INSURANCE COMPANY, Defendant.**

**No. 99–2272–CIV–MOORE.**

United States District Court, S.D. Florida, Miami Division.

May 3, 2001.

Frank A. Lane, William S. Reese, Paul H. Field, Lane, Reese, Aulick, Summers & Field, P.A., Coral Gables, FL, for plaintiff.

Roger S. Kobert, John E. Meagher, Kai E. Jacobs, Shutts & Bowen LLP, Miami, FL, for defendants.

## *ORDER*

MOORE, District Judge.

THIS CAUSE came before the Court upon the parties' cross motions for summary final judgment (DE # 119 and 127).

UPON CONSIDERATION of the motion, responses, materials submitted, the pertinent portions of the record, and being otherwise fully advised in the premises, the Court enters the following Order.

### A. Background

This is a dispute over whether the Plaintiff, Frank A. Lane, is entitled to disability insurance benefits from the Defendant, Provident Life and Accident Insurance Company. Mr. Lane alleges in his summary judgment motion that he was "totally disabled" under the definition of the policy from about October 1995 through June 1997 and is therefore entitled to disability benefits and a refund of premiums for that time period. Provident argues in its summary judgment motion that Lane is not entitled to the disability benefits because his claim was untimely filed and he failed to carry his burden of proof in showing that Provident was not prejudiced by his delay. In his opposition to Provident's summary judgment motion, Mr. Lane counters that Provident was not prejudiced by the untimeliness and that Provident waived or is estopped from contesting his entitlement to the disability benefits because of its alleged delays in processing his claim.

Provident's summary judgment motion must be granted and Lane's motion denied because (1) evidence either provided by Lane or not contested by him conclusively shows that his claim was untimely filed, (2) Lane failed to produce any evidence capable of showing that Provident was not prejudiced by his untimeliness, and (3)

Lane has provided the Court with no valid legal or evidentiary basis for his waiver/estoppel theory.

### B. Undisputed Facts

Lane applied to Provident for disability coverage in March of 1990. Provident then issued Lane a disability income policy with an effective date of June 1, 1990. The policy contains the following provisions regarding the filing of claims:

NOTICE OF CLAIM

Written notice of claim must be given within 20 days after a covered loss starts or as soon as reasonably possible....

CLAIM FORMS

When we receive your notice of claim, we will send you claim forms for filing proof of loss. If these forms are not given to you within 15 days, you will meet the proof of loss requirements by giving us a written statement of the nature and extent of your loss. You must give us this proof within the time set forth in the Proof of Loss section.

PROOF OF LOSS

If the policy provides for periodic payment for a continuing loss, you must give us written proof of loss within 90 days after the end of each period for which we are liable. For any other loss, written proof must be given within 90 days after such loss.

If it was not reasonably possible for you to give written proof in the time required, we will not reduce or deny the claim for this reason if the proof is filed as soon as reasonably possible. In any event the proof must be furnished no later than one year after the 90 days unless you are legally unable to do so.[1]

---

1. *See* Plaintiff's Response to Provident's Statement of Material Facts, Ex. 1.

In October of 1995, Lane first visited a dermatologist, Dr. Cosmides, about severe itching he was experiencing.[2] Dr. Cosmides diagnosed the pruritus (itching) as Grover's Disease at Lane's next visit on January 19, 1996.[3] Lane did not visit Dr. Cosmides again until February 10, 1997 (almost thirteen months later), and was found still to be suffering from Grover's Disease.[4] At Lane's subsequent and last visit on June 10, 1997, Dr. Cosmides found Lane's condition to be resolved.[5]

It was March 21, 1997 that Lane first sent Provident notification that he would be filing a disability claim, and requested all claim forms necessary to perfect the claim.[6] On May 5, 1997, Lane submitted the Notice of Claim form, Addendum to Claim Form, and the Insured's Statement of Claim form, which had been sent to him by Provident.[7] Lane also submitted authorization forms on May 5, but he altered them by crossing out a sentence and adding a sentence regarding the confidentiality of the information gathered by Provident. Lane did not include an "Attending Physician Statement" in his May 5 submissions. He also indicated that he did not complete the "Attorney's Questionnaire" because he believed that he should have received a "trial lawyer" questionnaire.

Finally, in the May 5 submissions Lane also attached two addendums, providing an explanation of several of the questions in the Insured's Statement of Claim form. In response to the questions asking for a description of his current impairment, the date he last worked, the date he first sought treatment, the dates of total and complete inability to work, and when he first returned to work or when he expected to, he indicated that he first noticed his symptoms in 1995, "as the summer progressed into fall." He also indicated that Dr. Cosmides later determined that Lane's itching was caused by Grover's Disease, but did not include the date of that diagnosis. Lane concluded the addendum by explaining, "It is difficult therefore to answer the above question specifically as to a specific time or date. I hope therefore that this narrative will fully answer the questions presented on your form."

On May 15, 1997 Provident sent correspondence to Lane, indicating that it could not process his claim without a completed Attending Physician Statement and an unaltered authorization form.[8] On June 25, 1997, Provident received an "Attending Physician's Statement" signed by Dr. James Cosmides on May 22, 1997.[9] In response to the directive, "indicate the date restrictions or limitations, if any, began," Dr. Cosmides wrote, "NA." After "Remarks or additional comments" he wrote, "This can be an extremely uncomfortable disorder—would be difficult for a patient to perform in public for long periods." [10]

2. *See* Plaintiff's Memorandum in Opposition To Defendant's Motion for Summary Judgment, ¶ 5.

3. *See id.* at ¶ 8.

4. *See id.* at Ex. 7.

5. *See id.* at Ex. 7.

6. *See* Plaintiff's Memorandum in Opposition To Defendant's Motion for Summary Judgment, ¶ 6.

7. *See* Plaintiff's Response to Provident's Statement of Material Facts, Ex. 2.

8. *See* Provident's Motion for Summary Final Judgment, Ex. F. The authenticity of this letter was not contested in any of Lane's submissions to this Court.

9. *See* Plaintiff's Response to Provident's Statement of Material Facts, Ex. 3.

10. *See* Plaintiff's Response to Provident's Statement of Material Facts, Ex. 3.

On July 10, 1997, Provident sent correspondence to Lane indicating that it had received the Attending Physician Statement, but that Dr. Cosmides did not include the exact date Lane became disabled. Provident, therefore, requested an unaltered authorization form so that it could ascertain the date from Dr. Cosmides' records.[11] On August 15, 1997, having not yet received the requested forms, Provident again sent correspondence to Lane, this time indicating that it was closing the file since Lane had not replied to its requests for medical certification of his disability and unaltered authorization forms.[12] About two months later, on November 19, 1997, Lane responded by sending a letter from Dr. Cosmides setting forth the dates of Lane's condition more specifically. That letter, however, did not specifically address Lane's limitations or restrictions; rather, it generally stated, "By definition this disability prevented him from performing his occupation."[13] Finally, on February 6, 1998, after several additional letters passing between Lane and Provident, Provident sent a letter to Mr. Reese, Lane's attorney, again requesting a complete Attending Physician Statement and indicating that Lane's claim seems to be "at best...a Residual Disability claim."[14] Lane commenced this lawsuit in state court on July 2, 1999, and Provident later removed the suit to this Court.

## C. Summary Judgment Standard

The standard to be applied in reviewing a summary judgment motion is stated unambiguously in Rule 56(c) of the Federal Rules of Civil Procedure:

The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

Summary judgment may be entered only where there is no genuine issue of material fact. *See Twiss v. Kury,* 25 F.3d 1551, 1554 (11th Cir.1994). The moving party has the burden of meeting this exacting standard. *See Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 157, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970). An issue of fact is "material" if it is a legal element of the claim under the applicable substantive law which might affect the outcome of the case. *Allen v. Tyson Foods, Inc.,* 121 F.3d 642, 646 (11th Cir.1997). It is "genuine" if the record taken as a whole could lead a rational trier of fact to find for the non-moving party. *Id.*

In applying this standard, the district court must view the evidence and all factual inferences therefrom in the light most favorable to the party opposing the motion. *See id.* However, the non-moving party:

may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.

Rule 56(e), Fed.R.Civ.P. "The mere existence of a scintilla of evidence in support of the [non-movant's] position will be insufficient; there must be evidence on which

---

11. *See* Provident's Motion for Summary Final Judgment, Ex. F. The authenticity of this letter was not contested in any of Lane's submissions to this Court.

12. *See id.*

13. *See* Plaintiff's Response to Provident's Statement of Material Facts, Ex. 7.

14. *See* Plaintiff's Response to Provident's Statement of Material Facts, Ex. 12.

the jury could reasonably find for the [non-movant]." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

In other words, the party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). In determining whether this evidentiary threshold has been met, the trial court "must view the evidence presented through the prism of the substantive evidentiary burden" applicable to the particular cause of action before it. *Anderson*, 477 U.S. at 254, 106 S.Ct. 2505. If the non-movant fails to adduce evidence that would be sufficient, when viewed in a light most favorable to the non-movant, to support a jury finding for the non-movant, summary judgment may be granted. *See id.* at 254–55, 106 S.Ct. 2505.

Additionally, the non-moving party must "make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial and requires the court to grant the motion for summary judgment. *See id.*

### D. Defendant's Motion for Summary Final Judgment

In its Motion for Summary Final Judgment, Provident argues that Lane is not entitled to disability benefits as a matter of law because his claim was untimely filed. In his opposition to Provident's

summary judgment motion, Lane argues that summary judgment for Provident is not warranted because (1) Provident was not prejudiced by his untimeliness, and (2) Provident is estopped from asserting untimeliness as a basis for denying the claim because of its own delay in denying or granting the claim, in contravention of Florida Statute § 627.613 (1997) and Florida case law.

### I. Timeliness of Lane's Claim

■ In order to prevail on its motion for summary judgment, Provident must first show that there is no genuine dispute as to the untimeliness of Lane's notice of claim or proof of claim. In his Memorandum in Opposition to Defendant's Motion for Summary Judgment, Lane does not contest Provident's assertion that his claim was untimely filed. Indeed, he cannot contest this assertion; the undisputed evidence shows that his claim was untimely filed.

■ The policy language is not ambiguous. Under the policy, Lane was required to file his notice of claim within twenty days after the covered loss started, or as soon as reasonably possible, and he was required to provide written proof of loss within 90 days of the end of each period for which Provident was liable, or if not reasonably possible, no later than one year after the 90 days unless he was legally unable to do so. This meets the requirements of Florida Statute § 627.610(1), which regulates notice of claim provisions in insurance policies.

Lane claims that his coverage commenced in October 1995 when he first developed symptoms of Grover's Disease.[15] It will be assumed, for the purposes of this motion only, that it was not "reasonably

**15.** *See* Plaintiff's Memorandum in Opposition To Defendant's Motion for Summary Judgment, ¶ 5.

possible" for him to give notice of his claim until January 1996, when his symptoms were first diagnosed as Grover's Disease.[16] However, Lane did not first contact Provident until March 1997, fourteen months after this diagnosis.[17]

No evidence on the record suggests that it was not "reasonably possible" for him to give notice of his claim during this fourteen month period of delay after the diagnosis. The only justification Lane provides for this delay is that "he was not interested in filing a disability claim" at that time because "it was his belief that the condition was transitory." [18] He further alleges that he "became aware" that Grover's Disease could last for a "substantial period of time" at some unspecified point "prior to his initial contact with Provident." [19] These unspecific and unsubstantiated allegations do not create a genuine dispute as to whether it was "reasonably possible" for Lane to file his notice of claim shortly after he was diagnosed with Grover's Disease. Therefore, the Court finds that there is no genuine dispute that Lane breached the notice of claim requirements of his policy, a condition precedent to his claim.

 Furthermore, Lane does not contest, and he cannot, Provident's allegation that his proof of claim was untimely. Because Lane's policy provided for periodic payment, Lane was obligated to provide proof of loss within 90 days after the end of *each* period for which he was claiming coverage.[20] Lane argues that his coverage commenced in October of 1995, but he did not file *any* of the required proof of loss

forms until May of 1997.[21] Therefore, Lane *repeatedly* failed to satisfy the policy's proof of loss requirements, which are conditions precedent to recovery. Again, Lane does not contest this untimeliness.

## II. Prejudice

 The inquiry into the viability of an insurance claim does not end with a finding of untimeliness. Rather, under Florida law, the untimeliness of an insured's claim merely creates the presumption that the insurer was prejudiced by the untimeliness. *Bankers Insurance Company v. Macias*, 475 So.2d 1216, 1218, (Fla. 1985); *Tiedtke v. Fidelity & Casualty Company of New York*, 222 So.2d 206, 209 (Fla.1969); *Florida Municipal Liability Self Insurers Program v. Mead Reinsurance Corporation v. Town of Pembroke Park*, 796 F.Supp. 509, 513 (S.D.Fla.1992). The insured then has the opportunity to rebut the presumption that the insurer was prejudiced. If the insured can carry this burden, the claim is not precluded by its untimeliness. *See, id.*

In *Tiedtke*, the Florida Supreme Court found that the insured had rebutted the presumption of prejudice at trial because the record made it "clear...that the purposes of the notice requirement were fully satisfied." 222 So.2d at 209. None of the evidence provided by Lane shows that the purposes of the notice requirement were fully satisfied in this case. First, Lane argues that Provident could not have been prejudiced because two other disability insurers with which he had obtained policies

---

**16.** *See id.* at ¶ 8.

**17.** *See* id. at ¶ 6.

**18.** *See* Plaintiff's Response to Provident's Statement of Material Facts, ¶ 3.

**19.** *See id.*

**20.** *See* Disability Income Policy, p. 17, Ex. 1 of Plaintiff's Response to Provident's Statement of Material Facts.

**21.** *See* Plaintiff's Memorandum in Opposition To Defendant's Motion for Summary Judgment, ¶ 7.

granted his disability claims.[22] This argument is simply not relevant to the prejudice issue. There is no evidence on the record indicating that the policies' standards were substantially the same, or, even if they were, that the other insurers' were not simply less meticulous than Provident in ascertaining whether the claim met the terms of their policies. Because he bears the burden of rebutting the presumption of prejudice, the onus was on Lane to produce such evidence.

Second, Lane argues that Provident was not prejudiced because Provident did not contact his physician or inquire about his employment duties during the claims handling period. However, there is no evidence on the record indicating first, that Provident would have been able to take such actions given Lane's admitted alteration of the authorization forms, or second, that such actions, if taken, would have alleviated Provident's prejudice and fulfilled the purposes of the notice requirement. Again, the onus was on Lane to produce such evidence. Furthermore, Provident was not simply ignoring Lane's claim. Rather, uncontested correspondence on the record, as described above in the "Undisputed Facts" section, shows that Provident was regularly directing its efforts toward gathering completed proof of claim forms.

Third, Lane argues that Provident has "pointed to no information or documentation necessary in order to make a claims determination, which it did not ultimately receive."[23] He goes on to list information obtained by Provident through discovery in preparation for this litigation—some

four or five years after Lane's alleged disability period ended. First, Provident has no obligation under Florida law to "point to" evidence showing prejudice. Florida law clearly places the burden on Lane to rebut the presumption of prejudice created by his untimeliness. Second, Lane cites no Florida law in support of the remarkable proposition that an insurer's prejudice can be vitiated by the production of evidence in the context of litigation and under the direction of the federal rules for discovery, where such evidence was not produced during the original claims handling period. Absent support from Florida law, the Court cannot find, based on this evidence, that Lane has created a genuine dispute as to whether he has rebutted the presumption of prejudice afforded to Provident under Florida law.

Finally, though Florida law does not require it, Provident provides evidence of how it was prejudiced by Lane's untimeliness. It quotes from the deposition of Provident's Director of Disability Claims, in which he explains that Lane's untimeliness denied Provident the opportunity to conduct an independent medical examination of Lane when he was still suffering from the condition, to talk to the attending physician when Lane was still affected by the condition, and to have its nurses observe Lane's condition and how it affected him.[24]

In conclusion, Lane has failed to demonstrate, as he must under Florida law, that Provident was not in a substantially worse position than it would have been if Lane had complied with the notice requirement.

---

22. *See* Plaintiff's Memorandum in Opposition To Defendant's Motion for Summary Judgment, p. 14.

23. *See* Plaintiff's Memorandum in Opposition To Defendant's Motion for Summary Judgment, p. 14.

24. *See* Provident's Reply to Lane' Memorandum in Opposition to Motion for Summary Judgment, p. 12.

The failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial and requires the court to grant the motion for summary judgment. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 322–23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

## III. Waiver and Estoppel

■ Finally, Lane alleges that Provident's summary judgement motion should be denied because Provident waived or is estopped from contesting Lane's entitlement to benefits because of its own delays in processing Lane's claim. In support of this position, Lane offers the following evidence: (1) Provident did not raise or assert the issue of the untimeliness of Lane's claim until a December 1997 letter, and (2) during that time, Provident had actual or constructive knowledge that Lane's disability claim arose out of a medical condition that first manifested itself in 1995. Accepting this evidence as true for the purposes of this motion, Provident is not, as a matter of law, estopped from contesting Lane's claim.

■ The first legal justification offered by Lane for his estoppel theory is Florida Statute § 627.613 (1997).[25] Florida Statute § 627.613(2) (1997) provides:

> Health insurers shall reimburse all claims or any portion of any claim from an insured or an insured's assignees, for payment under a health insurance policy, within 45 days after receipt of the claim by the health insurer. If a claim or a portion of a claim is contested by the health insurer, the insured or the

insured's assignees shall be notified, in writing, that the claim is contested or denied, within 45 days after receipt of the claim by the health.[26]

Lane's interpretation of this statute, which would prohibit an insurer from denying a claim after breaching the statutory notice requirements, was squarely rejected by the Florida District Court of Appeal in *Pioneer Life Insurance Company v. Heidenfeldt,* 773 So.2d 75 (Fla. 2d DCA 2000). In that case, the court specifically found that "a failure to comply with the notice requirements of section 627.613(2) does not result in a forfeiture of an insurer's right to deny benefits when the benefits sought are excluded from the insurance coverage." *Id.* at 77. Rather, the court found that the *only* penalty for late notice by the insurer was that included in the express language of the statute—a ten percent interest on all overdue payments. *Id.* at 77. Therefore, as a matter of law, Florida Statute § 627.613(2) (1997) simply will not support Lane's theory of waiver or estoppel of Provident's defenses.

The case law relied on by Lane in further support of his estoppel theory is similarly unavailing. Lane cites the general rule that forfeiture of rights under an insurance policy is not favored by the law, and discusses several cases construing this rule. *See, e.g., Johnson v. Life Insurance Co. of Georgia,* 52 So.2d 813 (Fla.1951), *Leonardo v. State Farm Fire and Casualty Co.,* 675 So.2d 176 (Fla. 4th DCA 1996). For example, in *Johnson* the Florida Supreme Court held that "when an insurer

**25.** Lane cited section (a) of Florida Statute § 627.613 (1997). However, there is no section (a). Therefore, the Court has assumed that Lane is relying on § 627.613(2) (1997), which contains language similar to that paraphrased by Lane.

**26.** As an initial matter, it is important to note that this statute may not apply to Lane's policy with Provident since the statute specifically references only "health insurers" and "health insurance policies." However, since Provident has not raised this issue, the Court will assume without deciding that this statute is applicable to the policy.

has knowledge of the existence of facts justifying a forfeiture of the policy, any unequivocal act which recognizes the continued existence of the policy or which is wholly inconsistent with a forfeiture, will constitute waiver thereof." 52 So.2d at 815. Lane's reliance on this case law falls short for at least two reasons.

First, he fails to provide any evidence showing that Provident performed an "unequivocal act," recognizing his right to disability benefits in spite of his untimeliness. *Johnson.* Rather, Lane concedes that throughout the claims processing period Provident sent him letters pointing to shortcomings in his proof of claim filings and requesting additional information.[27] Based on these communications, no reasonable jury could conclude that Provident inferred to Lane that it would approve his claim. Incidentally, Lane makes much of the fact that Provident did not raise the specific issue of *timeliness* before requesting additional information from him. Such a requirement would be nonsensical. As discussed above, Provident could not legally reject Lane's claim on the basis of untimeliness unless it was prejudiced by Lane's delay. Lane's proposed rule would strangely require insurers to *reject* or *contest* insureds' claims on the basis of untimeliness before requesting additional information or investigating the claim in order to determine if they were in fact prejudiced.

■ Second, and more importantly, Lane has failed to plead an essential element of the waiver and estoppel doctrine—prejudice. Under Florida law, a party claiming estoppel or waiver due to delay in disclaiming liability must show that his rights were prejudiced by that delay. *See, e.g., Liberty Mutual Insurance Company*

*v. Jones,* 427 So.2d 1117, 1118 (Fla. 3rd DCA 1983). The record is devoid of any evidence indicating that Lane was prejudiced by Provident's alleged delays, and he does not even attempt to argue that he was prejudiced. Therefore, Lane fails as a matter of law to make a prima facie showing of waiver or estoppel.

### E. Plaintiff's Motion for Summary Final Judgment

In his own motion for summary judgment, Lane contends that there is no genuine issue of material fact as to his entitlement to benefits. He alleges that he was "totally disabled" under the policy definition, and that he either met the conditions precedent to filing his claim or that Provident waived the conditions. In its Memorandum in Opposition to Lane's Motion for Summary Judgment, Provident asserts that Lane was not "totally disabled" under the policy definition for two reasons. First, Provident points out that Lane offered evidence to show that he was unable to perform the substantial and material duties of his occupation as a "trial attorney," which was his occupation at the time he applied for his policy, whereas the policy covered him for his occupation *at the time he became disabled.* Second, Provident argues that Lane did not demonstrate that his care by a physician, which admittedly consisted of only four visits over the course of an alleged disability period of about 19 months, did not satisfy the requirement of the policy that he be "receiving care by a Physician which is appropriate for the condition causing the disability."

It appears that a genuine issue exists as to whether Lane qualified as disabled dur-

---

**27.** *See* Plaintiff's Memorandum in Opposition To Defendant's Motion for Summary Judgment, p. 11.

ing the alleged disability period. However, based on the findings above, the issue is not material. Because the Court found that Lane is not entitled to benefits as a matter of law because of his failure to satisfy the condition precedent of giving timely notice and proof to Provident, the Court need not reach the issue of whether Lane was disabled under his policy.

### F. Conclusion

In conclusion, Lane has provided this Court with no justification for ignoring the express terms of his policy and awarding him disability benefits when the undisputed evidence shows that he failed, by a wide margin, to meet the conditions precedent to his claim—providing Provident with a timely notice of claim and a timely proof of claim. Therefore, Provident is entitled to summary judgment.

Based on the foregoing, it is ORDERED AND ADJUDGED that Defendant's Motion for Summary Final Judgment (DE # 127) be, and the same is hereby, GRANTED, and Plaintiff's Motion for Summary Final Judgment (DE # 119), and the same is hereby, DENIED. Final Judgment will be entered in favor of the Defendant, Provident Life and Accident Insurance Company, by separate order in accordance with Fed.R.Civ.P. 58.