KELLY, Judge.
Fresh Supermarket Foods, Inc., appeals from a final summary judgment entered in favor of Allstate Insurance Company in an action for breach of an insurance contract. Fresh Supermarket argues that the trial court erred in granting summary judgment for Allstate because there was a genuine issue of material fact regarding whether Allstate’s agent had knowledge of facts that Allstate claims Fresh Supermarket failed to disclose on its application for insurance. We agree and reverse.
Fresh Supermarket sued Allstate for breach of an insurance contract after Allstate denied coverage for a fire on Fresh Supermarket’s property. Allstate moved for summary judgment arguing that Fresh Supermarket was not entitled to recover under the policy because it had made material misrepresentations on its application for insurance. Allstate’s motion was accompanied by sworn testimony from Frank Jackson, the sole owner and the chief executive officer of Fresh Supermarket, that contradicted the information contained in Fresh Supermarket’s application for insurance.
In response, Fresh Supermarket submitted an affidavit from Jackson. In his affidavit Jackson stated that he did not supply the information on the application. He averred that the Allstate agent who obtained the policy for him simply presented him with a signature page for the application and asked him to sign it. Jackson stated that he never discussed the contents of the insurance application with the agent. Allstate’s agent denied Jackson’s aver-ments.
Fresh Supermarket also submitted the affidavits of two employees who stated that Allstate’s agent was on a committee that had helped initiate the business plan for Fresh Supermarket and that they had discussed matters pertaining to the business with him. The affidavits indicate that because of these discussions the agent would have had knowledge of the facts underlying the alleged misrepresentations on the application.
Section 627.409, Florida Statutes (1995), states that a misrepresentation, omission, concealment of fact, or incorrect statement may prevent recovery under the contract or policy if the misrepresentation, omission, concealment, or statement is fraudulent or is material either to the acceptance of the risk or to the hazard assumed by the insurer. A misrepresentation may also prevent recovery if the true facts had been known to the insurer, the insurer would not have issued the policy, would not have issued it at the same premium rate, or in as large an amount, or would not have provided coverage with respect to the hazard resulting in the loss. Kieser v. Old Line Life Ins. Co. Of Am., 712 So.2d 1261 (Fla. 1st DCA 1998). However, “[t]he law is well settled that notice to the agent at the time of the application for insurance of facts material to the risk is notice to the insurer, and will prevent the insurer from insisting upon a forfeiture for cause within the knowledge of the agent.” Poole v. Travelers Ins. Co., 130 Fla. 806, 179 So. 138, 143 (1937). See *1002 United Sews. Auto. Ass’n v. Clarke, 757 So.2d 554 (Fla. 4th DCA 2000).
Because there is a dispute as to whether Allstate’s agent was aware of the misrepresentations on the application and whether the agent was the one who actually filled out the application, the trial court erred in entering summary judgment in this case. Accordingly, we reverse the judgment entered in favor of Allstate and remand for further proceedings.
Reversed and remanded.
PARKER and SALCINES, JJ., Concur.