Connie BORSCHEL, Plaintiff,

v.

CONTINENTAL CASUALTY
COMPANY, Defendant.

Case No. 07–60919–CIV.

United States District Court,
S.D. Florida.

Feb. 13, 2008.

Eric Lowell Berger, Koppel & Bates, Plantation, FL, for Plaintiff.

William Joseph Gallwey, III, Jerel C. Dawson, Shutts & Bowen, Miami, FL, for Defendant.

*ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT*

JAMES I. COHN, District Judge.

**THIS CAUSE** is before the Court upon Defendant Continental Casualty Company's Motion for Summary Judgment [DE 19] ("Motion"). The Court has reviewed the Motion, Plaintiff's Memorandum of Law in Opposition [DE 27] ("Response"), Defendant's Reply [DE 28] ("Reply"), the pertinent portions of the underlying record and is otherwise advised in the premises.

## I. BACKGROUND

Plaintiff, Connie Borschel ("Borschel" or "Plaintiff") brought this action pursuant to the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 *et seq.* ("ERISA"), challenging Continental Casualty Company's ("Continental" or "Defendant")[1] denial of her claim for long-term disability ("LTD") benefits.

1. Please see footnote 1 of the Motion where Continental explains that its risk is reinsured through a reinsurance agreement with Hartford Life and Accident Insurance Company ("Hartford"). Motion, DE 19, p. 1, fn. 1. According to the agreement, Continental states that Hartford is responsible for reviewing and paying claims under Policy No. SR–83099256, issued to Kmart Corporation, Plaintiff's employer. *Id.*

2. The Court's citation to the Administrative Record is designated with the letter "H" followed by the stamped page number. *See* Defendant's Notice of Filing Administrative Record, DE 20.

## A. The Group Long Term Disability Plan

Borschel was a store manager for Kmart Corporation ("Kmart") from July 1, 1999, until February 25, 2001. *See* Kmart Management Telephonic Claim, DE 20, H–55.[2] Borschel participated in Kmart's employee welfare benefit plan which provided LTD coverage to eligible employees. The terms of Borschel's LTD coverage were set forth in the Group Long Term Disability Policy and Certificate issued by Continental, Policy No. SR–83099256 (the "Policy/Certificate"). Continental is the claims administrator and will pay benefits for a covered loss. Motion, DE 19, p. 1; Policy/Certificate, DE 20, H–99. When making a benefits determination under the Policy/Certificate, Continental has discretionary authority to determine the eligibility for benefits and to interpret the terms and provisions of the policy.[3] *See* Policy/Certificate, DE 20, H–104.

The requirements for filing a LTD benefits claim are: (1) an initial notice of claim and (2) written Proof of Loss. *See* Policy/Certificate, DE 20, H 111. The initial notice of claim must be made as soon as possible and written notice of the disability must be sent within 90 days of the date of disability, or as soon as reasonably possible; *Id.* The necessary claim forms to complete the written Proof of Loss are provid-

3. The Summary Plan Description identifies Kmart as the Plan Administrator and states that the Plan is administered by the Plan Administrator through an insurance contract purchased from Continental. *See* Summary Plan Description, DE 20, H–116. The Summary Plan Description also states that the "Administrator [Kmart Corporation] and other Plan fiduciaries have discretionary authority to interpret the terms of the Plan and to determine eligibility for and entitlement to benefits in accordance with the Plan." *Id.*

ed within 15 days of Continental being notified in writing of the claim. *Id.* The Proof of Loss must include a number of different items such as the date the disability began, the cause of the disability, proof that the claimant is receiving "Appropriate and Regular Care" for the condition from a doctor, and documentation of the claimant's monthly earnings. *See* Policy/Certificate, DE 20, H 111–112 for the complete list of items required. The claimant is also required to provide Continental with additional information including a signed authorization for Continental to obtain and release all reasonably necessary medical, financial or other non-medical information which supports the claim. *See* Policy/Certificate, DE 20, H–112. When applicable, the claimant must also provide proof that the claimant applied for other Deductible Income Benefits such as Workers' Compensation or Social Security Disability Benefits. *Id.* The claimant is also required to notify Continental when he/she is awarded other Deductible Income Benefits. *Id.*

The time limit for making a claim under the Policy/Certificate is as follows:

> The time limit for filing Your claim is that You must furnish Us with written proof of loss within 90 days after the end of Your Elimination Period. The length of the Elimination Period is stated in the Summary of Benefits section of the policy. If it is not possible to give Us written proof within 90 days, the claim is not affected if the proof is given as soon as possible. However, unless You are legally incapacitated, written proof of loss must be given no later than 1 year after the time proof is otherwise due.

> No benefits are payable for claims submitted more than 1 year after the time proof is due. However, You can request

that benefits be paid for late claims if You can show that:
> 1. It was not reasonably possible to give written proof during the 1 year period, and
> 2. Proof of loss satisfactory to Us was given as soon as was reasonably possible.

*See* Policy/Certificate, DE 20, H 111. The Elimination Period is defined as "a period of continuous Disability which must be satisfied before You are eligible to receive benefits from Us. You must be continuously Disabled through Your Elimination Period." Policy/Certificate, DE 20, H 106. The Elimination Period begins on the day you become disabled and lasts 180 days or the end of the Short Term Disability Maximum Period Payable, whichever is greater. *See* Summary of Benefits, DE 20, H 101; Policy/Certificate, DE 20, H 106.

## B. Continental's Denial of Long Term Disability Benefits

Borschel ceased working for Kmart on February 26, 2001 because she suffered from fatigue, stress, joint pain and other symptoms. *See* Kmart Management, Telephonic Claim, DE 20, H–54. She made a claim for short-term disability ("STD") benefits but the benefits were not approved beyond May 25, 2001. *See* Response, DE 27, Ex. B. Continental determined that even though Borschel was diagnosed with Job Stress, Anxiety, Mild Sleep Apnea and Menopause, the medical information presented failed to explain her inability to continue working and she did not meet the STD policy definition of "Non–Occupational Disability." *Id.* The denial of Borschel's STD benefits was litigated in *Borschel v. Continental Casualty Co. and K–Mart Corporation Short Term Disability Plan,* Case No. 04–60447–Civ–Graham (the "2004 case"), but ultimately the STD benefits claim was resolved in a Settlement Agreement and Release fully executed on February 4, 2005.[4]

---

**4.** Borschel's claim to LTD benefits was also

disputed in the 2004 case and will be dis-

Continental takes the position that Borschel did not make a claim for LTD benefits until April 28, 2006, when her counsel wrote Continental stating "[p]lease allow this letter to serve as my client's formal request that the long-term disability benefits be paid as required by the subject policy." *See* Letter from Mr. Berger, DE 20, H–13–14. On June 22, 2006, Continental denied Borschel's claim for LTD benefits on two grounds: (1) The 2005 Settlement Agreement and General Release between Borschel and Kmart extinguished any and all claims by Borschel against any welfare-benefit plan sponsored by Kmart, including the LTD plan[5] and (2) Borschel's claim was untimely due to the delay in providing the notice of claim and written proof of loss. *See* Letter to Mr. Berger, DE 20, H–01.

## II. ANALYSIS

### A. Summary Judgment Standard

The Court may grant summary judgment "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). The movant "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). To discharge this burden, the movant must point out to the Court that there is an absence of evidence to support the nonmoving party's case. *Id.* at 325, 106 S.Ct. 2548.

After the movant has met its burden under Rule 56(c), the burden of production shifts and the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). According to the plain language of Fed. R.Civ.P. 56(e), the non-moving party "may not rest upon the mere allegations or denials of the adverse party's pleadings," but instead must come forward with "specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e); *Matsushita*, 475 U.S. at 587, 106 S.Ct. 1348.

Essentially, so long as the non-moving party has had an ample opportunity to conduct discovery, it must come forward with affirmative evidence to support its claim. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be a sufficient showing that the jury could reasonably find for that party." *Walker v. Darby*, 911 F.2d 1573, 1577 (11th Cir.1990). If the evidence advanced by the non-moving party "is merely colorable, or is not significantly probative, then summary judgment may be granted." *Anderson*, 477 U.S. at 249–50, 106 S.Ct. 2505.

### B. ERISA Standard of Review

In the Eleventh Circuit, reviewing a decision to deny benefits is broken down into six steps:

(1) Apply the *de novo* standard to determine whether the claim administrator's benefits-denial decision is "wrong" (i.e., the court disagrees with the administrator's decision); if it is not, then end the inquiry and affirm the decision.

cussed in detail below.

---

5. While the Settlement Agreement and Release was a basis for Continental's denial, neither party addresses this issue.

(2) If the administrator's decision in fact is "de novo wrong," then determine whether he was vested with discretion in reviewing claims; if not, end judicial inquiry and reverse the decision.

(3) If the administrator's decision is "de novo wrong" and he *was* vested with discretion in reviewing claims, then determine whether "reasonable" grounds supported it (hence, review his decision under the more deferential arbitrary and capricious standard).

(4) If no reasonable grounds exist, then end the inquiry and reverse the administrator's decision; if reasonable grounds do exist, then determine if he operated under a conflict of interest.

(5) If there is no conflict, then end the inquiry and affirm the decision.

(6) If there is a conflict of interest, then apply heightened arbitrary and capricious review to the decision to affirm or deny it.

*Doyle v. Liberty Life Assurance Co. of Boston,* 511 F.3d 1336, 1340 (11th Cir.2008) (*citing Williams v. BellSouth Telecomms., Inc.,* 373 F.3d 1132, 1138 (11th Cir.2004)). ▮ Therefore, the Court must first apply the *de novo* standard to determine whether Continental's benefits-denial decision was "wrong." The central issue is the date Borschel made a LTD benefits claim. Continental asserts that Borschel made no claim for LTD benefits until April 28, 2006, well after the November 26, 2002 deadline for filing a LTD benefits claim under the Policy/Certificate. Therefore, Continental argues that its denial was legally correct and Continental is entitled to judgment as a matter of law.

Borschel asserts that Continental chose to ignore its fiduciary duty to Plaintiff and did not timely review her claim for LTD benefits, despite the fact that it had received sufficient medical records to support her entitlement to the benefits. *See* Response, DE 27, p. 2. Borschel alleges

that due to Continental's improper termination of Plaintiff's short term benefits, Continental never addressed her entitlement to long term disability benefits. *Id.,* at p. 4. Further, Borschel's attorney corresponded with Continental on February 12, 2002, and advised Continental that he represented Borschel regarding the wrongful termination of her short-term benefits as well as the wrongful denial of her long-term benefits. *See* Response, DE 27, Ex. C. Additional correspondence occurred between counsel for Plaintiff and Continental, including an alleged statement by Continental on February 18, 2002, that "it would not proceed with the long-term disability claim," as well as a representative stating that "Plaintiff's short-term disability benefits were terminated and therefore she did not enter the long-term disability period." *See* Response, DE 27, p. 6, and Ex. G.

Borschel fails to cite any legal authority that would substantiate a finding that her counsel's correspondence with Continental in 2002 established a LTD benefits claim. Borschel also appears to assume that a LTD benefits claim had already been made and her attorney was simply providing additional support for the LTD benefits determination. However, Borschel does not sufficiently explain how she complied with the procedures in the Policy/Certificate to file a claim for LTD benefits.

Borschel's disability began on February 26, 2001. *See* Kmart Management, Telephonic Claim, DE 20, H 54–55. Borschel was then required to provide Continental with written proof of loss within 90 days after the end of the elimination period. Certificate/Policy, DE 20, H–111. Borschel's elimination period began the day she became disability and continued for 180 days. *See* Summary of Benefits, DE 20, H 101; Policy/Certificate, DE 20, H

106. Adding the additional 90 days after the elimination period means that Borschel should have filed a claim for LTD benefits by November 23, 2001. However, she had until one year after the time proof was due to submit a claim; therefore, Borschel would not be paid for any LTD benefits claim filed after November 23, 2002. *See* Policy/Certificate, H–111.

Borschel's argument that the 2002 correspondence created or supported a claim for LTD benefits is belied by U.S. District Judge Graham's August 14, 2004 Order in the 2004 case. *See* Reply, DE 28, Ex. 1; *see also ITT Rayonier Incorporated v. U.S.*, 651 F.2d 343, 345, fn. 2 (5th Cir. 1981) ("[a] court may ... take judicial notice of its own records or of those of inferior courts.")[6] In the 2004 case, Borschel made a similar argument that, based on the 2002 correspondence, it was evident that a claim for STD *and* LTD benefits were sought for review. *See Borschel v. Continental Cas. Co., and Kmart Corp. Short Term Disability Plan*, Case no. 04–60447–CIV–GRAHAM, Plaintiff's Response in Opposition to Defendant's Continental Casualty Company, Motion to Dismiss, DE 12, p. 3 (Counsel for Borschel forwarded correspondence dated February, 12, 2002; February 18, 2002; February 19, 2002 and July 15, 2002, taking the position that sufficient information was provided to support a claim for both short-term and long-term disability benefits.) However, Judge Graham found that Borschel conceded that "she failed to exhaust her administrative remedies because she never pursued a claim for long-term disability benefits with Continental." *See* Reply, DE 28, Ex. 1, p. 3. The Judge went on to state that Continental never

had the opportunity to determine whether Borschel was entitled to LTD benefits "because Borschel has never filed any administrative claim requiring such consideration." *Id.*, at p. 4.

Therefore, as of August 14, 2004, Borschel was on notice that she had not made a proper LTD benefits claim. In light of this prior judicial determination, Borschel's attempt to revive her argument concerning the 2002 correspondence is unavailing. The Court advised Plaintiff that as of August 2004 she had not filed a LTD benefits claim. Had Plaintiff acted quickly after the August 2004 Order to file a LTD benefits claim, the analysis of the timeliness of the claim might be different. However, based upon the documentation provided, it was not until April 28, 2006, over a year and one half after the August 2004 Order, that a claim for LTD benefits was actually made.

Borschel also appears to argue that her eligibility for LTD benefits was not ripe until a final determination of her STD benefits claim was made. *See* Letter from Mr. Berger, DE 20, H–13 ("[a]s a follow up to my client's resolution of the short-term disability claim with K–Mart, I am enclosing ... medical records relating to Ms. Borschel's claim for Long–Term Disability benefits ...") In the beginning, Plaintiff may have justifiably relied on the correspondence in 2002 that her LTD benefits claim was not ripe. However, after the 2004 Order, such reliance was unreasonable because there was a judicial determination that no LTD benefits claim had been made. Additionally, the entitlement to STD benefits and LTD benefits are governed by separate documents and the

6. The decisions of the United States Court of Appeals for the Fifth Circuit, as that court existed on September 30, 1981, handed down by that court prior to the close of business on that date, shall be binding as precedent in the Eleventh Circuit, for this court, the district courts, and the bankruptcy courts in the Circuit. *Bonner v. Prichard*, 661 F.2d 1206, 1207 (11th Cir.1981) (en banc).

only document before this Court is the Policy/Certificate governing LTD benefits claims. Borschel has provided no legal basis for finding that the dispute over her STD benefits claim stayed the deadline for filing a LTD benefits claim.

 Continental states that any attempt by Borschel to rely on Florida's state law 'notice-prejudice rule' must fail. Motion, DE 19, p. 9–10; *see also UNUM Life Ins. Co. of Am. v. Ward*, 526 U.S. 358, 119 S.Ct. 1380, 143 L.Ed.2d 462 (1999) (California notice-prejudice rule is not preempted by ERISA). Under Florida law, an untimely claim "creates the presumption that the insurer was prejudiced by the untimeliness . . . [t]he insured then has the opportunity to rebut the presumption that the insurer was prejudiced." *Lane v. Provident Life and Acc. Ins. Co.*, 178 F.Supp.2d 1281, 1287–1288 (S.D.Fla. 2001). Therefore, under the notice-prejudice rule, Borschel would bear the burden of rebutting the presumption that Continental was prejudiced by the untimely LTD benefits claim. Borschel alleges that Continental was not prejudiced because Plaintiff provided her medical records years before April 2006, but Continental failed to exercise its fiduciary duties and investigate whether Plaintiff was disabled per the definition in the Policy/Certificate.

As a result, Continental "must be estopped from denying the Plaintiff, Borschel, her rightfully owed long-term disability benefits." [7] Response, DE 27, p. 8.

Borschel does not address the presumption of prejudice. For example, she does not respond to Continental's allegation that the extended passage of time between the alleged onset of total disability in 2001 and the claim in 2006 deprived Continental of a meaningful opportunity to make its own preliminary investigation. Continental specifically argues that the delay precluded it from being able to arrange for an independent medical examination when Borschel allegedly became eligible for the LTD benefits. *See* Motion, DE 19, p. 9–10. Additionally, providing medical records does not obviate the need to abide by the established procedure in the Policy/Certificate for filing a claim. No claim for LTD benefits was made until 2006 even though the injury occurred in 2001 and a LTD benefits claim was required by 2002. The delay in filing the claim precluded Continental from being able to conduct a contemporaneous investigation when Borschel allegedly became eligible for LTD benefits.[8] Therefore, Borschel failed to demonstrate that Continental was not in a substantially worse position than it would have been had Borschel complied with the

---

7. While Borschel uses the term 'estopped', she does not allege a claim for estoppel and has cited no legal authority for an estoppel argument. Continental cites *Umano v. W.C. Robinson & Assoc., Inc.*, 352 F.Supp.2d 1259, 1265 (S.D.Fla.2004), arguing that since Borschel does not allege an ambiguity in the Policy/Certificate, nor any oral interpretation of such ambiguity, she has no recourse to the estoppel theory. Reply, DE 28, p. 5–6. The Court agrees. Borschel has not pled sufficient facts to substantiate the application of the estoppel theory. In particular, Borschel has not alleged any ambiguity in the LTD Policy/Certificate. *See Katz v. Comprehensive Plan of Group Insurance, Alltell*, 197 F.3d 1084, 1090–1091 (11th Cir.1999) (term unam-

biguous therefore equitable estoppel unavailable). Continental also argues that to the extent that Borschel seeks equitable tolling of the claim filing deadlines, it must be denied. The Court finds that Borschel has made no argument for equitable tolling, therefore, the Court need not address this issue.

8. Borschel submitted her LTD benefits claim in 2006. Therefore, one could infer that she continues to be disabled and is presumably available for a medical evaluation. However, this does not address the issue of presumption of prejudice to Continental in its ability to decide the eligibility of her disability in 2001–2002.

notice requirement. *See Lane*, 178 F.Supp.2d at 1288–1289.

The April 2006 claim for LTD benefits is well after any of the pertinent deadlines in the Policy/Certificate. Borschel has presented no evidence that she was legally incapable of submitting her claim in a timely fashion and she can take no refuge in the notice-prejudice rule because she has not rebutted the presumption of prejudice by her untimely claim. Accordingly, Continental's determination that Plaintiff was not entitled to LTD benefits was not *de novo* wrong. No grounds exist to disturb Continental's benefits-denial decision, and a further determination under any of the other ERISA review standards is unnecessary. Continental is entitled to summary judgment as a matter of law.

## III. CONCLUSION

Having found as a matter of law that Continental's decision to deny benefits was not *de novo* wrong, pursuant to Rule 56 of the Federal Rules of Civil Procedure, the Court enters Summary Judgment in favor of Continental Casualty Company. The Final Judgment shall be entered separately.

Based on the foregoing, it is hereby **ORDERED AND ADJUDGED** that Continental Casualty Company's Motion for Summary Judgment [DE 19] is **GRANTED.**